JOHN PREECE, Respondent, v. THE RIO GRANDE WESTERN RAILWAY COMPANY, a Corporation, Appellant.

**No. 1335.** (68 Pac. 413).

1. **Railroads: Fires from Sparks: Prima Facie Case of Negligence: Additional Evidence of Negligence: Question for the Jury.**

   Plaintiff showed that he was damaged by a fire from the sparks of an engine, and thus established a prima facie case of negligence on defendant's part. He also introduced other evidence as to defendant's negligence. Defendant showed that the engine was carefully managed, and was provided with the best mechanical contrivances. *Held,* that the question of defendant's negligence was for the jury.

2. **Assignment of Error: Verdict Against Charge: Evidence of Negligence: Not Tenable.**

   Where the court instructed the jury that, before they could find a verdict against defendant, they must believe that defendant was guilty of negligence proximately contributing to the fire, and that defendant negligently managed the train, a verdict for the plaintiff will not be disturbed, as contrary to the charge, where there was evidence showing negligence.

(Decided March 31, 1902.)

Appeal from the Second District Court, Davis County.—*Hon. H. H. Rolapp,* Judge.

Action to recover damages for the destruction of the plaintiff's barn and hay by fire alleged to have been caused by sparks from the defendant's engine. From a judgment in fa- vor of the plaintiff, the defendant appealed.

AFFIRMED.

*Messrs. Bennett, Sutherland, Van Cott & Allison* for appellant.

Assuming that this fire was caused by the defendant's en- gine, then the fire resulted purely from an accident caused entirely by the very heavy wind, and was not the result of any negligence. The defendant is liable for negligence, but it is not liable for a mere accident. 1 Shear. & Red. Neg., sec. 16; Brown v. Kendall, 6 Cush. (Mass.) 292.

According to the weight of authority, the starting of a fire by a railroad engine is presumptively negligent, and the burden is then on the company to show that its appliances were in good order, and that the operation was careful. When this is done, the burden is then on the plaintiff to show that nev- ertheless there was negligence, and if this is not done a case is not made. Menomonie, etc., Co. v. Milwaukee, etc., Co., 65 N. W. 176 (Wis. 1895); New York, etc., Co. v. Boltz, 36 N. E. 414 (Ind. 1894); Koontz v. Oregon, etc., Co., 23 Pac. 820 (Or. 1890); Missouri, etc., Co. v. Stafford, 31 S. W. 319 (Texas 1895); Kelsey v. Chicago, etc., Co., 45 N. W. 204 (South Dak. 1890); Spalding v. Chicago, etc., Co., 33 Wis. 582; Ruffner v. Cincinnati Co., 34 O. St. 96; 5 A. S. R. (Texas), 74; Edrington v. Louisville, etc., Co., 6 So. 19.

*David Evans, Esq., P. C. Evans, Esq.,* and *A. G. Horn, Esq.,* for respondent.

BASKIN, J.—The complaint alleges "that on or about the tenth day of September, A. D. 1900, the said defendant

operated and ran along its track a locomotive engine and train of cars in said county so carelessly and negligently that, in passing near the said barn and hay aforesaid, it permitted burning sparks, cinders, and coals to escape from said engine, which communicated fire to the barn and hay of said plaintiff, so situated in said county, thereby, and by reason of which, and by reason of said engine being so constructed and disordered that sparks and coals of fire were emitted therefrom, the said barn and hay of the said plaintiff were consumed by fire and totally destroyed, to the damage of the plaintiff in the sum of two thousand dollars." The answer is a general denial. The jury found for the plaintiff, and judgment was rendered against the defendant, from which it appeals.

The appellant contends that the plaintiff's evidence simply made out a prima facie case, which was overcome by evidence introduced by defendant which was not contradicted, and showed that defendant's engine was provided with the best mechanical contrivances and was carefully managed, and that therefore no issue of fact was presented for the jury to pass upon, and that the judgment is unsupported by evidence. Appellant's counsel cite, as supporting this contention, many cases, among which is Kelsey v. Railway Co. (S. D.), 45 N. W. 204, 207. In the opinion delivered in that case it is said: "Recognizing this rule, the defendant in the trial of this cause below assumed this burden of proof after the plaintiff had rested, and introduced testimony to prove that the engine from which the fire was supposed to have originated was run with care, and was under the management of skilled and experienced operatives, and that it was supplied with all modern appliances and appurtenances to prevent the escape of sparks or fire, and was properly constructed. Upon these facts there seems to have been no dispute. The plaintiff, by proving that the defendant's locomotive engine had set fire to dry grass or other combustible matter along its roadbed, made a prima facie case of negligence; and, had de-

fendant failed to introduce any proof, the plaintiff would have been entitled to a verdict in his favor, under the direction of the court. But the defendant did introduce its employees who were engaged in running the train at the time, and the master mechanic having charge of the repairs of the engine of the road for that division, who testified that this particular engine was in good order, and had the modern appliances attached to it to prevent the emission of sparks and the dropping of live coals of fire, and that the engine was run with the usual care and caution at the time the fire started. This evidence rebutted the presumption raised by the plaintiff's proof, and, had there been no other evidence of negligence, the defendant would have been entitled to a verdict from the jury under the direction of the court." There was, however, other evidence of negligence, and the judgment in favor of the plaintiff was affirmed. The other cases cited by appellant's counsel hold the same way. Under the doctrine held by those cases, the question of negligence becomes a matter of law, and is excluded from the consideration of the jury only when the prima facie case of the plaintiff rests alone on the presumption of negligence which the law implies from the proof that the fire was started by the defendant's engine, and that presumption has been overcome by undisputed evidence of the defendant showing that the engine was provided with proper mechanical contrivances, and was carefully managed. Under the authority of those cases, when there is other evidence of negligence than that upon which such prima facie case rests, the question is one for the jury, and not for the court. In the case at bar the plaintiff did not rely solely on the evidence which showed that the fire was started by the defendant's engine, but introduced other evidence which tended to prove the defendant's alleged negligence. The case was therefore properly submitted to the jury.

The remaining assignment of error presented in appellant's brief is that "the jury disregarded the instructions of

the court in returning a verdict against the appellant under the evidence introduced." In the seventh instruction given, the court charged the jury that:  "Before you can find a verdict against the defendant, you must believe from a preponderance of the evidence that· the defendant was guilty of negligence proximately contributing to the fire; and, before you can so find, you must believe from the evidence that the defendant negligently and carelessly ran and managed the train in question." In view of this instruction, and the fact that there was evidence which tended to prove the defendant's negligence, this assignment of error is not tenable.

.The judgment is affirmed, with costs.

BARTCH, J., concurs. MINER, C. J., concurs in result.