# Shelly, Appellant, *v.* Philadelphia & Reading Railway Company.

*Negligence—Railroads—Sparks—Fires—Evidence.*

In the absence of direct evidence of the origin of a fire that is imputed to the negligence of a railroad company in not providing spark arresters, evidence of the unusual throwing of sparks by the company's engines and of other fires started by them at about the time of the fire in question is admissible. This rule obtains also where there is uncertainty as to the engine that caused the fire and it cannot be shown that the fire proceeded from a particular engine. This class of testimony is admissible because of the failure of direct proof and of the necessity of resorting to · the proof of ·circumstances as the best evidence and the only evidence of which the case admits.

Where, however, the fire is shown to have been caused only by sparks from a particular engine that passed near the time when it started, the evidence must be confined to the condition of that engine and evidence of negligence in the general management and operation of the company's engines is not admissible.

When it is alleged that a particular engine caused the injury complained of, the inquiry is limited to the condition of that engine at the time, and testimony tending to show defects in other engines is irrelevant.

Argued Jan. 30, 1905.  Appeal, No. 8, Jan. T., 1905, by
plaintiff, from judgment of C. P. Montgomery Co., Dec. T.,
1903, No. 62, on verdict for defendant in case of Angelina
Shelly, Executrix of Moses R. Shelly, deceased v. Philadelphia
& Reading Railway Company.  Before MITCHELL, C. J., DEAN,
FELL, POTTER and ELKIN, JJ.  Affirmed.

Trespass to recover damages for property destroyed by fire
alleged to have been caused by sparks from an engine.  Before
SWARTZ, P. J.

At the trial a witness for plaintiff was asked this question :
" Q.  What did you observe say within two weeks back, what
did you observe this train, this New York milk train, as you
call it, do as it came down through Telford ? "

Mr. Evans : Objected to that even though evidence is to be
admitted of actions prior in time it must be restricted to a
shorter period than two weeks because the changes in the
engine may become very material in that time.

The Court : I think two weeks would not be an unusual time,
but you must have evidence to show that this was the same
engine.  It does not follow that the same train, or the same
milk train, had the same engine all the time.

Mr. Larzelere : The furthest we can go to identify this en-
gine is that it was the engine that pulled that train.  We do
not know its number and we cannot tell that ; but the engine
that pulled that train we will show for two weeks before.

The Court : I think until you show that the engine that
pulled that train other evenings was the engine that went by
the night of the fire, you cannot prove it.

Mr. Larzelere : That would be imposing on us something that
we could not in the nature of things do, and it would be unrea-
sonable to do it.  We say that the engine that was attached to
this particular train that came down there at ten o'clock each
night—we show what it did.  Now, of course, presumptively
it is the same engine, but whether it is or not I do not see that
it would make much difference because it is the engine that is
attached to that train.

The Court : It is the particular engine that we are after.

Mr. Larzelere : I propose to prove that for a period of two
weeks prior to this fire, that the same engine and train known

as the New York milk train, as it passed through Telford, emitted sparks and chunks of coal of unusual size.

The Court: I will admit that if it is the same engine.

Mr. Larzelere: We will let the defense show that it was another engine.

The Court: You will have to show it is the same engine before I will admit it.

Mr. Larzelere: That is my offer.

The Court: I will admit your offer, but if your evidence does not come up to your offer I will strike out the testimony.

After the witness and other witnesses had testified, the court made this ruling:

The Court: I cannot allow this testimony to go in. I think the plaintiff has failed to identify this engine as the same one that passed on the night of the fire. Therefore, I now direct that all evidence that was given by any of the witnesses in relation to an engine that came down with the milk train and saw fire on previous nights, be stricken from the record, and the jury is cautioned particularly that all evidence that was given in relation to an engine throwing out fire for a period of two weeks prior to the time that the Shelly buildings were burned shall not be construed as any evidence at all, and they must dismiss that from their minds, there being no sufficient evidence to identify the engine that passed by there on the other nights as the identical engine that passed by the particular night on which the accident occurred. We all may understand that sometimes it is usual for the same engine to pull the same train, but there is nothing of that character before us. I cannot assume that the railroad company uses the same engine for pulling the same train that passes daily at a particular point. Until that is established I cannot admit the testimony. Exception.

*Errors assigned* were (1–5) rulings on evidence, quoting the bill of exceptions.   .

*N. H. Larzelere*, with him *A. R. Place*, for appellant.—The identity of the engine on the nights we sought to submit proof of was precisely the same as its identity on the night of the

fire. The proposition did not involve any proof of the general condition of defendant's engine, but was carefully confined within a limited time, to the engine used in pulling that train.

No authority in Pennsylvania warranted the rejection of plaintiff's proof: Henderson v. P. & R. R. R. Co., 144 Pa. 461.

The law did not require plaintiff to prove the number of the engine, and show that the same engine by number always pulled that train: Phila. & Reading R. R. Co. v. Schultz, 93 Pa. 341.

*Montgomery Evans*, for appellee.—When the fire is shown to have been caused, or in the nature of the case could only have been caused, by sparks from an engine which is known and identified, the evidence should be confined to the condition, management and operation of that engine ; and testimony tending to prove negligence in the management or defects in other engines of the company, is irrelevant and inadmissible: Erie Ry. Co. v. Decker, 78 Pa. 293; Albert v. Northern Central Ry. Co., 98 Pa. 316; Jennings v. Penna. R. R. Co., 93 Pa. 337.

The excluded testimony could add no weight to the proofs as to the behavior of the engine on the night of the fire: Penna. R. R. Co. v. Page, 21 W. N. C. 52; Phila. & Reading R. R. Co. v. Schultz, 93 Pa. 341.

OPINION BY MR. JUSTICE FELL, March 6, 1905:

This action was to recover for the loss of the plaintiff's buildings by fire, alleged to have been caused by the negligent operation of an engine on the defendant's road. It is stated in the declaration that the engine that caused the fire was one that drew a freight train on the south bound track between the hours of nine and ten o'clock P. M. on May 28, 1903. This train was identified by six of the plaintiff's witnesses as a regular freight train, known as the New York milk train, that passed the station near the plaintiff's buildings a few minutes before ten o'clock. These witnesses saw the train pass and noticed the throwing of sparks and coals by the engine. No other train going south passed near the time of the fire nor within two hours of it. There was an offer by the plaintiff to prove that the engine on several previous nights

within two weeks of the fire and on the night after it threw out coals of an unusual size.  The witnesses failed to identify the engine that threw coals on other occasions as the one that drew the train on the night of the fire, and the testimony was struck out by order of the court.  All the assignments of error relate to this order.

In the absence of direct evidence of the origin of a fire that is imputed to the negligence of a railroad company in not providing spark arresters, evidence of the unusual throwing of sparks by the company's engines and of other fires started by them at about the time of the fire in question is admissible. This rule obtains also where there is uncertainty as to the engine that caused the fire and it cannot be shown that the fire proceeded from a particular engine.  This class of testimony is admissible because of the failure of direct proof and of the necessity of resorting to the proof of circumstances as the best evidence and the only evidence of which the case admits. Where, however, the fire is shown to have been caused, or in the nature of things could have been caused, only by sparks from a particular engine that passed near the time when it started, the evidence must be confined to the condition of that engine and evidence of negligence in the general management and operation of the company's engines is not admissible.  When it is alleged that a particular engine caused the injury complained of, the inquiry is limited to the condition of that engine at the time, and testimony tending to show defects in other engines is irrelevant.  These rules are clearly stated and the cases on which they rest are discussed in Henderson v. Phila. & Reading Railroad Co., 144 Pa. 461.  They have been adopted in a number of other jurisdictions: 13 Am. & Eng. Ency. of Law (2d ed.), 520, 522.

The main argument for the appellant is in support of the proposition that because the witnesses were not able to identify the engine by its number or otherwise than as the engine that pulled a particular train, the offers of testimony rejected came within the rule stated in Henderson v. P. & R. Railroad Co., 144 Pa. 461, that " When the particular engine which started the fire cannot be fully identified, evidence that sparks and burning coals were frequently dropped by engines passing upon the same road upon previous occasions is relevant and

competent to show habitual negligence." By being "identified" it is not meant that the engine should be known by its number, size or shape from all other engines, but that it should be known as the engine to which the probable cause of the fire is traced. The identification is not to distinguish it from other engines generally but to point it out as the engine that caused the injury. In this sense its identification was as complete as if its number had been known to the witnesses. They saw it pass, they knew it drew a train that passed nightly on a fixed schedule, they saw what it did, and that it was the only engine to which the fire could by any possibility be traced.

The judgment is affirmed.