(December 1, 1908.)

## S. V. OSBURN, Respondent, v. THE OREGON RAILROAD AND NAVIGATION COMPANY, Appellant.

[98 Pac. 627.]

NEGLIGENCE—FIRES SET BY LOCOMOTIVES—PROOF OF FIRE—PRESUMP-
TION OF NEGLIGENCE—BURDEN OF PROOF—GIST OF THE ACTION.

1. In an action against a railroad company for damages caused by fire set from an engine running on defendant's road, where the engine that must have set the fire is identified, and it is shown by defendant's witnesses that the particular engine that set the fire is no better than any of its other engines, it is not error to admit evidence of the setting of other fires a short time previous to the destruction of plaintiff's property. .

2. Under such conditions and circumstances, the reasonable inference of fact would be that the identified engine would be as likely to throw igniting sparks and live coals and set the fire as was any of the other of the company's engines that are shown to have emitted sparks and fire about the same time.

3. In an action against a railroad company for the destruction of property by fire set by sparks emitted from the company's locomotive, it is sufficient to establish a *prima facie* case for the plaintiff to show that fire has been communicated from the company's engine to his property, which resulted in its damage or destruction, and such proof, when made, raises the presumption of negligence of the company either in the construction and equipment or management and operation of its engine, and casts the burden upon the defendant of rebutting this presumption of negligence.

4. In such case, the fact of the setting of the fire by defendant's locomotive having been proven by circumstantial evidence does

not prevent the presumption of negligence on the part of the defendant arising under the rule casting the burden of rebutting such presumption on the defendant. A fact may be established just as fully by circumstantial evidence as by direct and positive evidence. In the former case, however, the proof of the one fact inevitably resulted, and is inferred from the proven existence of certain other facts. It does not arise, however, by operation of law or as a presumption thereof.

5. When the presumption of negligence which thus arises, the burden of rebutting which rests on the defendant, is repelled and rebutted by proof of proper construction and the use of proper appliances and careful management and operation, the plaintiff cannot recover without producing proof of actual negligence or want of ordinary care.

6. In cases for damages caused by fires set from locomotives of a railroad company, negligence is the gist of the action.

7. Facts in this case examined and considered and held sufficient to go to the jury.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District, for Shoshone County.   Hon. W. W. Woods, Judge.

Action by the plaintiff against the defendant for damages caused by the destruction of his property by fire set by defendant's locomotive.   Judgment for plaintiff and defendant appealed.   *Affirmed.*

Henry F. Conner, for Appellant.

Assuming that the presumption of negligent construction or operation of defendant's engine has arisen, defendant has rebutted the presumption by the introduction of uncontradicted evidence that defendant's locomotive was properly equipped and properly handled on the day plaintiff's barn was burned, and plaintiff entirely failed to introduce any evidence of actual negligence on the part of the defendant to disprove defendant's evidence of careful operation and appliances in proper condition.   When the presumption is thus repelled by proof of proper construction, use of proper appliances and careful management, plaintiff cannot recover without proof of negligence or want of ordinary care.   (*Ala-*

*bama Co. v. Taylor,* 129 Ala. 238, 29 South. 673; *Preece v. Rio Grande Ry. Co.,* 24 Utah, 493, 68 Pac. 413; *Menominee etc. Co. v. Milwaukee Ry. Co.,* 91 Wis. 447, 65 N. W. 179; *Creighton v. Chicago Ry. Co.,* 68 Neb. 456, 94 N. W. 527; *Missouri Pac. Ry. Co. v. Stafford* (Tex. Cr. App.), 31 S. W. 319; *Gainesville etc. Ry. Co. v. Edmonson,* 101 Ga. 747, 29 S. E. 213; *Louisville etc. Ry. v. Marbury Lumber Co.,* 125 Ala. 237, 28 South. 438, 441, 50 L. R. A. 620; *Missouri K. & T. Ry. Co. v. Fulmore et al.* (Tex. Cr. App.), 29 S. W. 688.)

The evidence of the defendants as to the care exercised in construction and operation of appliances being undisputed, it becomes a question of law, whether the defendant is liable. The presumption of negligence arising from the setting of fire by an engine is one of law, and whether such presumption has been fully met and overturned, is, in the first instance, a question of law for the court. (*Smith v. Northern Pac. Ry. Co.,* 3 N. D. 17, 22, 53 N. W. 173; *Spaulding v. Chicago & N. W. Ry. Co.,* 30 Wis. 110, 11 Am. Rep. 550; *Spaulding v. Chicago N. W. Ry. Co.,* 33 Wis. 582, 590; *Woodward v. Chicago Ry. Co.,* 145 Fed. 577, 580; *Menominee Co. v. Milwaukee etc. Co., supra; Chicago etc. Ry. Co. v. Packwood,* 59 Miss. 280; 7 Am. & Eng. Ry. Cas. 584; *Rosen v. Chicago etc. Ry.,* 83 Fed. 300, 27 C. C. A. 534; *Louisville etc. Ry. v. Marbury Lumber Co.,* 125 Ala. 237, 28 South. 438, 442, 50 L. R. A. 620.)

A. G. Kerns and H. E. Worstell, for Respondent.

There is sufficient evidence to sustain the verdict of the jury, and where there is a substantial conflict in the evidence the findings of the jury will not be disturbed. (*Buckle v. McConaghy,* 12 Ida. 733, 88 Pac. 100; *Robbins v. Porter,* 12 Ida. 738, 88 Pac. 86; *Heckman v. Espey,* 12 Ida. 755, 88 Pac. 80; *Gumaer v. White Pine Lumber Co.,* 11 Ida. 591, 83 Pac. 771; *Robertson v. Moore,* 10 Ida. 115, 77 Pac. 218; *Deeds v. Stephens,* 10 Ida. 332, 79 Pac. 77; *Kendrick Bank v. Northern Pacific Ry.,* 10 Ida. 483, 79 Pac. 457; *Spencer v. Morgan,* 10 Ida. 542, 79 Pac. 459; *Parke v. Boulware,* 9 Ida. 225, 73 Pac. 19.)

"It is sufficient, to establish a *prima facie* case, for the plaintiff to show that fire has been communicated from an engine of the railroad company to his property resulting in the damage or destruction thereof." (*Anderson v. Oregon R. R. Co.*, 45 Or. 211, 77 Pac. 119.)

"When a court is asked to declare a fact established, the evidence must so completely establish that fact as to remove all doubt; otherwise it is for the decision of the jury." (*Koontz v. Oregon Ry. & N. Co.*, 20 Or. 3, 23 Pac. 820; *Manchester Assur. Co. v. Oregon Ry. & Nav. Co.*, 46 Or. 162, 114 Am. St. Rep. 863, 79 Pac. 60, 69 L. R. A. 475.)

"The evidence was sufficient to warrant the inference that the fire was caused by the defendant's passing train, as alleged in the complaint." (*Van Steuben v. Central R. Co.*, 178 Pa. 367, 35 Atl. 992, 34 L. R. A. 577; *Union Pacific Ry. v. DeBusk*, 12 Colo. 294, 13 Am. St. Rep. 221, 20 Pac. 752, 3 L. R. A. 350; *Campbell v. Missouri Pac. R. Co.*, 121 Mo. 340, 42 Am. St. Rep. 530, 25 S. W. 936, 25 L. R. A. 75; *Henderson v. Phil. & Reading R. Co.*, 144 Pa. 461, 27 Am. St. Rep. 652, 22 Atl. 851, 16 L. R. A. 299.)

AILSHIE, C. J.—This action was instituted by the plaintiff to recover the sum of $1,600, the value of a barn and two bob-sleds alleged to have been destroyed by fire set from the defendant's locomotive. The plaintiff's barn was located on lot 4, in block 24, of the town of Osburn, Shoshone county, and was 45 feet from the center of the railroad track and 20 feet from the defendant's right of way. On the morning of August 4, 1907, the defendant ran an excursion train over its road by this property, and soon after the train had passed the fire broke out on the roof of the barn on the side next to the railroad track, and the building and bob-sleds were destroyed before the fire could be controlled. A verdict was rendered by the jury in favor of the plaintiff for the sum of $750. The defendant moved for a new trial and appealed from the judgment and order denying its motion.

On the trial of the case the plaintiff was allowed to prove that at other times shortly prior to this fire the defendant

company's locomotive had emitted sparks and live coals and thrown them to a great distance, thereby setting other fires along the line of its road. Numerous fires were shown to have been set in this manner in the vicinity of this property, and it was also shown that live sparks and coals had been thrown as much as 100 feet, and crossing entirely over buildings and dropping in the street on the opposite side.

Counsel for appellant assigns as error the action of the court in admitting this evidence, and contends that where the engine which alone could have caused the fire is identified, evidence that other engines of the defendant at other times and places set fires or threw igniting sparks is wholly inadmissible, unless there is proof that the other engines were in the same condition and operated in the same way as the engine that is shown to have set the fire. In support of this proposition, counsel cite the following authorities: *Lesser Cotton Co. v. St. Louis etc. Ry. Co.,* 114 Fed. 133, 52 C. C. A. 95; *Shelly v. Phila. Ry Co.,* 211 Pa. 160, 60 Atl. 581; *McFarland v. Gulf etc. Ry. Co.* (Tex. Cr. App.), 88 S. W. 450; *Henderson v. Phila. & Reading Ry. Co.,* 144 Pa. 461, 27 Am. St. Rep. 652, 22 Atl. 851, 16 L. R. A. 299; *San Antonio etc. Ry. Co. v. Home Ins. Co.* (Tex. Cr. App.), 70 S. W. 999; *Texas Midland Ry. Co. v. Moore* (Tex. Cr. App.), 74 S. W. 942; *Crissey & Fowler Lbr. Co. v. Denver etc. R. Co.,* 17 Colo. App. 275, 68 Pac. 675; *Collins v. New York etc. Ry. Co.,* 109 N. Y. 243, 16 N. E. 50. Plaintiff did not know and was not able to identify the particular engine that set this fire, but on the trial it was admitted by counsel for the railroad company that if the fire was set at all by the company, that it was done by their engine No. 136 which pulled the excursion train from Wallace to Tekoa on the morning of August 4th. With the engine, therefore, being identified, counsel contends that this evidence of other fires was improperly admitted under the rule above stated. There is one fact that appears in this record which brings the case within the exception instead of the rule. Appellant's division master mechanic, William Dressel, was on the stand and testified as to the condition of the company's locomotives and the spark-

arresters that were used on these engines, and particularly as to the condition of engine No. 136. On the cross-examination this witness stated: "We make it a point to maintain them in the same condition. This engine is not a bit better than the rest of them." As we understand the law, this evidence placed appellant's locomotive No. 136 in a class with the other locomotives that it was running on this line of road, and showed clearly that it was no better and no safer than any of the others. It was therefore competent and proper for plaintiff to show the general condition, management and operation of appellant's locomotives generally running on that line of road about that time, in order to show that they were in the habit of throwing sparks and live coals to an unusual and unreasonable height and distance and thereby setting fires. It should also be remembered that the plaintiff had no method of identifying any particular engine, and that of the engines and locomotives that had been setting fires and throwing igniting sparks and coals, this particular engine, No. 136, may have been, and probably was, one. (1 Wigmore on Ev., sec. 455, par. 3.) At least it stands admitted that the other engines were just as good as this one. Appellant admits that, under the rule generally accepted by the courts, it is sufficient to establish a *prima facie* case for the plaintiff to show that fire had been communicated from the company's engine to his property, resulting in its damage or destruction, and that such proof raises the presumption of negligence either in the construction or management and operation of the engine which communicated the fire, and casts the burden upon the defendant of rebutting this presumption of negligence. (*Anderson v. Oregon R. R. Co.*, 45 Or. 211, 77 Pac. 119; *Manchester Assur. Co. v. Oregon R. & N. Co.*, 46 Or. 162, 114 Am. St. Rep. 863, 69 L. R. A. 475, 79 Pac. 60; *White v. Chicago & Milwaukee & St. Paul R. Co.*, 1 S. D. 326, 47 N. W. 146, 9 L. R. A. 824; 3 Elliott on Railroads, 2d ed., sec. 1242, and cases cited.)

Appellant contends, however, that plaintiff failed to prove, as a matter of fact, that defendant's locomotive set the fire complained of, and that before the presumption of negligent

construction or operation can arise, plaintiff must prove that
defendant's locomotive set the fire; otherwise there would be
a presumption arising from a presumption, which can never
be allowed.   The error in this contention arises out of the
false premise assumed by appellant.   That appellant's loco-
motive set the fire is not a presumption, but is a fact.   It is
an inference of fact resting on other facts.   (Lawson on Pre-
sumptive Evidence, p. 560.)   It is true that such fact has
been established to the satisfaction of the jury, not by direct
and positive evidence, but rather by circumstantial evidence;
but a fact may be established just as fully by circumstantial
evidence as by direct and positive testimony.   The establish-
ment of the fact of the communication of the fire by circum-
stances rather than by eye-witnesses who saw the fire emitted
from appellant's locomotive and deposited on the building
does not convert the conclusion arising from these circum-
stances into a presumption of law instead of an established
fact.   (3 Ency. of Ev., pp. 63-67.)   In this case witnesses
were produced who had seen the building a few minutes be-
fore the passing of the train, and who testified that no fire
existed at that time, and other witnesses were produced who
saw the fire almost immediately after the building was ig-
nited.   They testified that the fire started on the roof, on the
side next to the railroad track.   One witness saw the fire when
it was just barely started into a blaze.   The barn was 600
feet from the depot where the train had stopped.   Witnesses
testified that the engine was working hard when it started
up; that it was throwing considerable smoke, sparks and coals.
The circumstances of the train passing at the time it did, of
there being no fire in the barn or about the barn immediately
before the passing of this train, and of the building taking
fire from the roof on the side next to the railroad track, are
all circumstances pointing so conclusively to the cause be-
ing this engine that the jury were amply justified in conclud-
ing, as a matter of fact, rather than as a presumption, that
this engine set the fire.   There was sufficient evidence pro-
duced by the plaintiff in this case to establish, by a prepon-
derance thereof, that the fire was set by defendant's locomo-

Dec. 1908.]  Osburn v. Oregon R. R. etc. Co.  485

Opinion of the Court—Ailshie, C. J.

tive, and the presumption of negligent construction or opera-
tion arose from and out of these facts and rested the burden
upon the defendant of rebutting such presumption. The law
seems to be well settled that when the presumption thus aris-
ing is repelled and rebutted by proof of proper construction
and use of proper appliances and careful management and
operation, the plaintiff cannot recover without producing
proof of actual negligence or want of ordinary care. (*Ala-
bama G. S. R. Co. v. Taylor*, 129 Ala. 238, 29 South. 673;
*Preece v. Rio Grande W. Ry. Co.*, 24 Utah, 493, 68 Pac. 413;
*Menominee etc. Co. v. Milwaukee & N. R. Co.*, 91 Wis. 447, 65
N. W. 179; *Creighton v. Chicago R. I. & P. R. Ry. Co.*, 68.
Neb. 456, 94 N. W. 527; *Missouri K. & E. Ry. Co. v. Staf-
ford* (Tex. Civ. App.), 31 S. W. 319; *Gainsville etc. Co. v.
Edmondson*, 101 Ga. 747, 29 S. E. 213; *Louisville etc. Ry.
Co. v. Marbury L. Co.*, 125 Ala. 237, 28 South. 438, 50 L. R.
A. 620; *Missouri K. & T. Ry. Co. v. Fulmore* (Tex. Civ.
App.), 29 S. W. 688.)

Appellant urges that in the trial of the case it succeeded
in completely and conclusively rebutting the presumption of
both negligent construction and operation of its engine, and
that it became at once the duty of the court to instruct the
jury as a matter of law to return a verdict in its favor. It
must be conceded, we think, that if, for the establishment of
negligence or want of care on the part of the railroad com-
pany, the plaintiff sees fit to rest solely upon the presump-
tion of law which arises from the setting of the fire, and the
railroad company successfully rebuts that presumption by
clear and satisfactory evidence showing that the engine that
is alleged to have caused the fire was of proper and modern
construction and equipped with approved devices and ap-
pliances for arresting sparks and preventing the escape of
fire and was in good repair, and was operated and managed
with prudence and ordinary care and diligence, the defend-
ant is entitled to an instructed verdict in its favor. (*Smith
v. Northern Pacific Ry. Co.*, 3 N. D. 17, 53 N. W. 173; *Spauld-
ing v. Chicago & N. W. Ry. Co.*, 30 Wis. 110, 11 Am. Rep.
550, 33 Wis. 582; *Woodward v. Chicago Ry. Co.*, 145 Fed.

577; *Menominee etc. Co. v. Milwaukee & N. R. Co.*, 91 Wis. 447, 65 N. W. 176; *Chicago etc. Ry. Co. v. Packwood*, 59 Miss. 280; 7 Am. & Eng. Ry. Cas. 584; *Rosen v. Chicago etc. Ry. Co.*, 83 Fed. 300; *Louisville etc. Ry. Co. v. Marbury L. Co.*, 125 Ala. 237, 28 South. 438, 50 L. R. A. 620.) In such case it would have, as a matter of law, successfully defeated plaintiff's right of recovery, because negligence is the gist of all such actions. (3 Elliott on Railroads, 2d ed., sec. 1221.) This proposition cannot be determined solely upon the failure of the plaintiff to produce rebuttal evidence. It may be rebutted, or actual or positive negligence may be disclosed by the defendant's own witnesses, either on direct or cross examination. In the case at bar, the plaintiff did not produce any rebuttal testimony. In the first place, however, the plaintiff, as we have above recited, showed by a number of witnesses that within a comparatively short period of time immediately preceding the fire defendant's locomotives had emitted great quantities of sparks and live coals. One witness stated that he had seen live coals as big as the end of his finger emitted and thrown as much as 30 to 50 feet distant from the track, and other witnesses testified to extinguishing fires as far as 100 feet distant from the track, This evidence tended to show a habit of negligence on the part of the company about that time and in that vicinity. It also tended to establish the possibility, capacity and tendency of defendant's locomotives of the same class generally to emit sparks and set fires. It tended to establish either negligent construction and equipment and maintenance of its engines, or else negligent handling and operating of the same. The train in pulling out of Osburn on the morning of August 4, 1907, was on a downgrade, and was pulling only about 300 tons. It was shown by defendant's employees that this engine was capable of pulling 1500 tons. It therefore stands admitted that it was not overloaded. It left Osburn at the rate of about 30 miles an hour. Witnesses generally testified that the engine was working hard and throwing smoke and sparks very freely. Whether this was the exercise of reasonable care in its operation was properly a ques-

tion for the jury.   One witness who was present at the depot, and who had at sometime past been a brakeman, testified that in his opinion the engineer threw the throttle wide open as he pulled out of the station; that the engine worked as if that had been done.   The engineer testified that he had the throttle half open.   The inspector who testified that he had inspected the smokestack and spark-arrester that morning at Wallace says that it was in good condition.   He also stated that he did not know that the engineer stopped at the round-house to get a bolt, and that if he had inspected it there would have been no bolt needed.   He said, however, that it was not his business to inspect the mechanical part of the engine, and that he had nothing to do with the eccentric bolts.   The engineer testified that he stopped in the lower yards at Wallace that morning before pulling out in order to get a bolt which he needed.   It appears from the evidence of the different witnesses that a bolt called an eccentric bolt was either broke or missing in this engine.   Taking all those circumstances, we think there was sufficient evidence tending to show actual negligence either in the maintenance and equipment of the engine and appliances or in its operation and management to go to the jury on the general issue of defendant's negligence.   The evidence in this case is by no means satisfactory or convincing to us, but, under the rule, we think there was such a conflict as the jury were entitled to settle and determine, and that their determination is binding on this court.   The judgment should be affirmed, and it is so ordered.   Costs in favor of respondent.

Sullivan, J., and Stewart, J., concur.

Petition for rehearing denied.