Points Decided.

(July 1, 1921.)

ALLEN-WRIGHT FURNITURE COMPANY, a Corporation, et al., Respondents, v. WALKER D. HINES, Director General of Railroads of the United States, Appellant.

[200 Pac. 889.]

RAILROADS—NEGLIGENCE—SETTING FIRES—PROOF OF FIRES—BURDEN—INSURANCE COMPANIES—PAYMENT—SUBROGATION—OTHER FIRES—CONTRIBUTORY NEGLIGENCE.

1. When it is satisfactorily shown that a defendant operating a railroad has set fire to and destroyed property adjacent to its right of way by the emission of sparks from his locomotives, a *prima facie* case of negligence has been made which it is incumbent upon the defendant to rebut by showing that he exercised reasonable care in the equipment, maintenance and operation of his locomotives.

2. Such *prima facie* case can be made by circumstantial evidence, and if such circumstantial evidence, together with other evidence, if any, tending to show defendant's negligence, outweighs that offered by defendant, the plaintiff is entitled to recover.

3. Evidence of other fires set and of the emission of sparks by other engines at about the same time and place is admissible as tending to show a habit of negligence on the part of the defendant, and as tending to show the possibility, and a consequent probability that a locomotive set the fire.

4. An insurance company liable for a loss of property by fire through the negligence of a defendant operating a railroad having paid said loss is subrogated to all the rights of the insured against such defendant on account of such loss to the full amount paid to the insured.

Publisher's Note.

1. On power of legislature to make injury by fire from locomotive *prima facie* evidence of negligence, see notes in 1 Ann. Cas. 815; 16 Ann. Cas. 882; Ann. Cas. 1913E, 971; 32 L. R. A., N. S., 226.

3. For authorities passing on the question of admissibility of evidence of other fires in action against railroad company, see notes in 12 Ann. Cas. 218; 21 Ann. Cas. 1212; 32 L. R. A., N. S., 1146.

    5.  The defense of contributory negligence based upon the claim that the burning of the property destroyed was caused by the negligence and carelessness of plaintiff in knowingly permitting dry weeds to accumulate in the vicinity and immediately adjacent to the building destroyed is not available to a defendant operating a railroad charged with negligently burning the property of plaintiff.

APPEAL from the District Court of the Third Judicial District, for Ada County.  Hon. Chas. P. McCarthy, Judge.

Action for damages.  Judgment for plaintiff.  Defendant appeals.  *Affirmed.*

Geo. H. Smith, H. B. Thompson and John O. Moran, for Appellant.

Subrogation was never intended for the relief of those who were at liberty to elect whether they would or would not be bound, and cannot be invoked by a volunteer who, without being legally bound, pays the debt of another.  (*Aetna Life Ins. Co. v. Town of Middleport,* 124 U. S. 534, 8 Sup. Ct. 625, 31 L. ed. 537; 25 R. C. L. 1324; *Pensacola State Bank v. Thornberry,* 226 Fed. 611, 618, 141 C. C. A. 367; *Prairie State National Bank v. United States,* 164 U. S. 227, 17 Sup. Ct. 142, 41 L. ed. 412.)

Where the particular engine which is claimed to have set the fire is identified, the plaintiff cannot introduce evidence of other fires or the emission of sparks by other engines of the defendant, except under certain conditions which did not obtain in the case at bar.  (11 R. C. L. 996–999; *Lesser Cotton Co. v. St. Louis, I. M. & S. Ry. Co.,* 114 Fed. 133, 52 C. C. A. 95; *Texas & Pacific Ry. Co. v. Hartford Fire Ins. Co.,* 230 Fed. 801, 145 C. C. A. 111; *Sprague v. Atchison, T. & S. F. Ry. Co.,* 70 Kan. 359, 78 Pac. 828; *Crissey etc. Lumber Co. v. Denver & R. G. R. Co.,* 17 Colo. App.

    5.  On the question of duty of abutting owner to prevent accumulation of combustible material along right of way of railroad company, see notes in 13 Ann. Cas. 1206; 12 L. R. A., N. S., 624.

275, 68 Pac. 670; *Buhrmaster v. New York Cent. & H. R. Co.*, 173 App. Div. 62, 158 N. Y. Supp. 712; note to 21 Ann. Cas. 1212, 1213; *Gleason v. San Pedro, L. A. & S. L. R. Co.*, 49 Utah, 405, 164 Pac. 484.)

Before the plaintiff can be said to have made a *prima facie* case, he must introduce evidence which would support a finding that the fire was ignited by an engine of the defendant. (*Fodey v. Northern Pac. Ry. Co.*, 21 Ida. 713, 123 Pac. 835; *Osborn v. Oregon R. & N. Co.*, 15 Ida. 478, 16 Ann. Cas. 879, 98 Pac. 627, 19 L. R. A., N. S., 742; *Mt. Emily Timber Co. v. Oregon W. R. & N. Co.*, 82 Or. 185, 161 Pac. 398; *Lares v. Chicago, B. & Q. R. Co.*, 144 Minn. 170, 174 N. W. 834; *St. Louis & S. F. R. Co. v. Mobley* (Okl.), 174 Pac. 510; *Kansas City Southern Ry. Co. v. Henderson*, 54 Okl. 320, 153 Pac. 872; *Thorgrimson v. Northern Pac. Ry Co.*, 64 Wash. 500, 117 Pac. 406.)

The court erred in refusing defendant's requested instructions Nos. 4 and 5, which placed upon the plaintiff the burden of establishing, first, that the fire was started by the defendant, and, secondly, that it was negligently started, and in charging only that the burden was on the plaintiff of proving that the property was destroyed by fire communicated from an engine, and in the same connection charging that the burden of proof was on the defendant to overcome the presumption of negligence arising from the starting of a fire. (*Osborn v. Oregon R. & N. Co., supra; Fodey v. Northern Pac. Ry. Co., supra;* Abbott's Civil Jury Trials, 3d ed., 680; *Toledo, St. L. & W. R. R. v. Star Flouring Mills Co.*, 146 Fed. 953, 959, 77 C. C. A. 203.)

Under the pleadings and proof the issue of the negligence of the Allen-Wright Furniture Company directly contributing to and proximately causing the fire should have been submitted to the jury. (*St. Louis Southwestern Ry. Co. v. Arey*, 107 Tex. 366, 179 S. W. 860; *Hartford Fire Ins. Co. v. Central R. R. of Oregon*, 74 Or. 144, 144 Pac. 417; *Slossen v. Burlington, C. R. & N. R. Co.*, 60 Iowa, 215, 14 N. W. 244; *Atchison, T. & S. F. Ry. Co. v. Ireton*, 63

Kan. 888, 66 Pac. 987; *Missouri Pac. Ry. Co. v. Haynes,* 1 Kan. App. 586, 42 Pac. 259; *Collins v. New York Cent. etc. R. Co.,* 5 Hun (N. Y.), 499; *Niskern v. Chicago etc. Ry. Co.,* 22 Fed. 811; *Omaha Fair etc. Assn. v. Missouri Pac. Ry. Co.,* 42 Neb. 105, 60 N. W. 330; 3 Shearman & Redfield on Negligence, 1773.)

Plaintiff cannot recover where evidence is equally consistent with existence or nonexistence of defendant's negligence as proximate cause of injury. (*Johnson v. Mobile & O. R. Co.,* 178 Ky. 108, 198 S. W. 538.)

Richards & Haga and J. L. Eberle, for Respondent.

An insurer upon paying to the assured the amount of a loss of property insured becomes subrogated in a corresponding amount to the assured's right of action against the carrier or other person responsible for such loss. (*Liverpool & Great Western Steam Co. v. Phoenix Ins. Co.,* 129 U. S. 397, 462, 9 Sup. Ct. 469, 479, 32 L. ed. 788, 799; *St. Louis, I. M. & S. R. Co. v. Commercial Union Ins. Co.,* 139 U. S. 223, 11 Sup. Ct. 554, 35 L. ed. 154; *Wager v. Providence Ins. Co.,* 150 U. S. 99, 14 Sup. Ct. 55, 37 L. ed. 1013, 1017; *Downs Farmers' Warehouse Assn. v. Pioneer Mut. Ins. Assn.,* 41 Wash. 372, 83 Pac. 423, 425; *Gaugler v. Chicago etc. R. Co.,* 197 Fed. 79; *Travelers' Ins. Co. v. Great Lakes Engineering etc. Co.,* 184 Fed. 426, 107 C. C. A. 20, 36 L. R. A., N. S., 60, 1 N. C. C. A. 747; *Federal Ins. Co. v. Detroit Fire & Marine Ins. Co.,* 202 Fed. 648, 121 C. C. A. 58.)

Although at common law the action must be asserted in the name of the assured, in this state the action must be prosecuted by the real parties in interest. (C. S., secs. 6654, 6649; *St. Louis etc. R. Co. v. Commercial Union Ins. Co., supra.*)

Where the insurer pays only a part of the total loss, he must be joined with the assured in an action against the carrier or other person responsible for the loss. (*Palmer v. Oregon etc. Nav. Co.,* 208 Fed. 666; *Gaugler v. Chicago etc.*

*Ry. Co., supra; Webb v. Southern Ry. Co.,* 248 Fed. 618, 160 C. C. A. 518; *Chicago etc. R. Co. v. Pullman Southern Car Co.,* 139 U. S. 79, 11 Sup. Ct. 490, 35 L. ed. 97; *Royal Ins. Co. v. Miller,* 199 U. S. 353, 26 Sup. Ct. 46, 50 L. ed. 226; *Home Mutual Ins. Co. v. Oregon Ry. etc. Co.,* 20 Or. 569, 23 Am. St. 151, 26 Pac. 857; *Chicago etc. R. Co. v. German Ins. Co.,* 2 Kan. App. 395, 42 Pac. 594; *Fairbanks v. San Francisco etc. Ry. Co.,* 115 Cal. 579, 47 Pac. 450; *Illinois Central Ry. Co. v. Hicklin,* 131 Ky. 624, 115 S. W. 752, 23 L. R. A., N. S., 870.)

After the presumption or *prima facie* case of negligence has been raised as against the railroad company the burden of proof shifts to the company to rebut or overcome this presumption. (*Fodey v. Northern Pac. Ry. Co.,* 21 Ida. 713, 123 Pac. 835; *Osborn v. Oregon R. & N. Co.,* 15 Ida. 478, 16 Ann. Cas. 879, 98 Pac. 627, 19 L. R. A., N. S., 742.)

Evidence that at various times during the same summer before the fire occurred the railroad company's locomotives scattered fire in the vicinity of the fire complained of is admissible to prove the possibility, and a consequent probability, that one of the railroad company's locomotives caused the fire, and as tending to show a negligent habit of the officers and agents of the railroad company. (*Grand Trunk Ry. Co. v. Richardson,* 91 U. S. 454, 23 L. ed. 356; *Piggot v. Eastern Counties Ry. Co.,* 3 Com. B. 229, 136 Eng. Reprint, 92; *Dunning v. Maine Cent. R. Co.,* 91 Me. 87, 64 Am. St. 208, 39 Atl. 352; *Sheldon v. Hudson River R. Co.,* 14 N. Y. 218, 220, 67 Am. Dec. 155; 1 Wigmore on Evidence, pp. 547–549; 1 Jones on Evidence, pp. 843, 846, 851; *Texas & Pac. R. Co. v. Rosborough,* 235 U. S. 429, 35 Sup. Ct. 117, 59 L. ed. 299, see, also Rose's U. S. Notes; *Gleason v. San Pedro etc. R. Co.,* 49 Utah, 405, 164 Pac. 484; *Thatcher v. Maine Cent. Ry. Co.,* 85 Me. 502, 27 Atl. 519; *Taffe v. Oregon R. etc. Co.,* 60 Or. 177, 117 Pac. 989; *Diamond v. Northern Pac. R. Co.,* 6 Mont. 580, 13 Pac. 367; *Asplund v. Great Northern Ry. Co.,* 63 Wash. 164, 114 Pac. 1043;

*Northern Pac. R. Co. v. Lewis,* 51 Fed. 658, 2 C. C. A. 446.)

The fact of communication of the fire need not be shown by direct or positive evidence, but may be inferred like any other fact from other circumstances. (*Osborn v. Oregon R. etc. Co., supra; Abrams v. Seattle etc. Ry. Co.,* 27 Wash. 507, 68 Pac. 78.)

When the presumption of negligence on the part of the railroad company has been raised, the plaintiff is entitled to recover in the absence of clear and satisfactory evidence on the part of the railroad company showing absence of negligence. (*Fodey v. Northern Pac. R. Co., supra.*)

DUNN, J.—This action was brought by respondents Allen-Wright Furniture Company and eight insurance companies to recover from appellant Walker D. Hines, Director General of Railroads of the United States, as damages the sum of $29,372.71, alleged to be the value of a warehouse and contents which said respondents claimed were destroyed by fire due to the negligence of the said appellant on August 13, 1918.

The complaint alleges, and it is admitted by the answer, that said warehouse was situated in the western part of Boise near the main line of the Oregon Short Line Railroad running from Boise to Nampa, the main track of said railroad being about twenty-eight feet northerly and parallel to the northerly side of said warehouse, with one side-track situated between the said main track and warehouse.

It further alleges that the territory in the vicinity of the said warehouse was almost entirely unoccupied and uncultivated and was permitted to grow up to weeds and grass, and during the dry season and in the early fall such grass and weeds were dry and easily set on fire from sparks and cinders, and this is admitted by the answer.

The complaint further alleges that the locomotives used by the said Director General of Railroads in pulling trains over said main track in the vicinity of said warehouse at times emitted large quantities of sparks and burning cinders,

which fell some distance on either side of said main track, to wit, about fifty feet or more from such main track and on and near said warehouse.

The complaint further alleges that on or about the thirteenth day of August, 1918, the trains being operated over such road by the Director General of Railroads were passing over such main track in and out of Boise and past said warehouse, and the said Director General of Railroads by and through his agents, servants and employees in charge of such trains and locomotives belonging to the Oregon Short Line Railroad Company, and especially the freight train passing into Boise over such main track and past such warehouse, and between the hours of 3 and 5 o'clock in the afternoon of such day, negligently and carelessly caused and permitted to be emitted and thrown from the engines of such trains, sparks and burning cinders of such size and quantity as to set on fire, and did set on fire, the said dry grass and weeds so standing in the vicinity of such warehouse and along such right of way, which fire was thereby communicated to said warehouse and did set said warehouse on fire and also set on fire a car placed on said side-track by the said defendant, Director General of Railroads, from which the said Allen-Wright Furniture Company was then unloading furniture into said warehouse, and burned and totally consumed such warehouse and destroyed such warehouse, together with the contents thereof and the contents of said car, consisting of household and office furniture then stored and being stored in such warehouse; that such fire was caused by the negligence and carelessness of the said Director General of Railroads and his agents, servants and employees in that said defendant, his agents, servants and employees operating such trains and the locomotives pulling the same, from which sparks and burning cinders were emitted and which destroyed said property of respondent, Allen-Wright Furniture Company, were guilty of negligence in not providing such engines with proper and efficient spark-arresters properly and efficiently operated; that by reason of such negligence in so failing to

equip such engines and each of them with proper and efficient spark-arresters and properly adjusting the same so as to prevent such sparks and burning cinders being emitted therefrom, and by reason of the negligence of said Director General of Railroads, his agents, servants and employees, in carelessly and negligently adjusting such spark-arresters so as to emit such sparks and burning cinders in large quantities from such engines, and by reason of the negligence of said Director General of Railroads, his agents, servants and employees in so carelessly and negligently handling and operating such trains and engines as to force from such engines such large quantities of sparks and burning cinders at a time when such dry grass and weeds might easily be set on fire thereby, the said property of the said respondent Allen-Wright Furniture Company was wholly destroyed as above stated, to the damage of such respondent Allen-Wright Furniture Company in the sum of $29,372.71.

The complaint further alleges that at the time of the destruction of said property the said furniture was insured against loss by fire in the aggregate amount of $13,000 under policies issued by the respective insurance companies who are respondents in this action, and that subsequent to the destruction of such property the loss covered by such insurance was investigated and adjusted by such respective insurance companies, and that said insurance companies paid the amounts for which they were respectively liable under the said policies; that by reason of such payments the said insurance companies have become subrogated to the rights of the said Allen-Wright Furniture Company to the extent of the respective amounts paid by them.

On the trial of the case the jury returned a verdict for the respondents in the sum of $28,372.71, and judgment was thereupon entered in favor of the said respondents. The trial court denied the appellant's motion for a new trial, and he has appealed from said judgment and from the order denying said motion.

The appellant has assigned 16 errors but discusses them under six subdivisions. In disposing of them we shall deal with them in the manner in which he has discussed them.

Appellant contends that the principle of subrogation is not applicable to this case and that the insurance companies which are joined with the Allen-Wright Furniture Company as plaintiffs should not have been allowed to join in the prosecution of this claim. In this the appellant is clearly in error. The policies issued by the several insurance companies in this case were standard policies and provided for subrogation in just such a case as this; in addition to that, on the payment of the losses the several insurance companies took from the Allen-Wright Furniture Company articles of subrogation, which were offered in evidence, assigning to said insurance companies an interest in said furniture company's claim against the railroad to the extent of their respective payments and authorizing said insurance companies to sue for the several amounts due them. But aside from these contracts it is well settled that said insurance companies, on the payment of the losses for which they were liable, were entitled to be subrogated to all the rights of action of the Allen-Wright Furniture Company against the appellant on account of said fire to the extent of the respective claims paid by said insurance companies.

"From the very nature of the contract of insurance as a contract of indemnity, the insurer, upon paying to the assured the amount of the loss, total or partial, of the goods insured, becomes, without any formal assignment, or any express stipulation to that effect in the policy, subrogated in a corresponding amount to the assured's right of action against the carrier or other person responsible for the loss." (*Liverpool & Great Western Steam Co. v. Phoenix Ins. Co.,* 129 U. S. 397, 9 Sup. Ct. 469, 479, 32 L. ed. 788–799; *St. Louis, I. M. & S. R. Co. v. Commercial Union Ins. Co.,* 139 U. S. 223, 11 Sup. Ct. 554, 35 L. ed. 154–157; *Wager v. Providence Ins. Co.,* 150 U. S. 99, 14 Sup. Ct. 55, 37 L. ed. 1013–1017; 19 Cyc., p. 893; 25 R. C. L., p. 1372, sec. 55.)

Many other authorities in support of this view could be cited, but we think these are sufficient. No attempt was made by appellant to show that said companies were not bound by the contracts of insurance, which were received in evidence. Being bound by contract to pay these losses, we fail to see how these insurance companies can be properly considered as volunteers, as claimed by appellant. Having thus an interest in the cause of action against the appellant, the insurance companies were proper parties plaintiff in this action for the collection of the damages claimed. (C. S., sec. 6645.) It follows, therefore, that the court did not err in overruling the demurrer of the appellant as to the respondent insurance companies, nor in permitting the respondents to prove that the insurance companies had paid the amounts set forth in the complaint under their respective policies, nor in receiving in evidence the subrogation articles of agreement, nor in refusing appellant's requested instruction for a directed verdict against said insurance companies.

Appellant contends that in this case the particular engine claimed to have set the fire was identified by the respondents, and that therefore the admission in evidence of other fires set by the respondent by other engines and of the emission of sparks, by other engines, in the absence of certain other conditions, which were not present in this case, was error. We think appellant is mistaken in his contention that the particular engine claimed to have set the fire was identified by the respondents. Neither in the pleadings nor in the evidence offered by respondents, as we view them, was there an attempt to identify the particular engine that respondents claim was responsible for the fire. It is true that it appears more probable that the fire was set by the engine of the freight train that came into Boise about 4 o'clock than by any other engine mentioned in the evidence; but we do not understand that the respondent was contending that the fire must have been set by that particular engine. Assuming, however, that this engine was identified by respondent as the one that set the fire, we still think that in this case evidence

of other fires set by other engines and of sparks emitted by other engines at or near the time and place of the fire complained of was properly admitted. The evidence showed that this engine was equipped with the same sort of screen for arresting sparks that was used on the other engines of the defendant, and under the rule adopted and followed by this court in the case of *Osburn v. Oregon R. & N. Co.,* 15 Ida. 478, 16 Ann. Cas. 879, 98 Pac. 627, 19 L. R. A., N. S., 742, and *Fodey v. Northern Pac. Ry. Co.,* 21 Ida. 713, 123 Pac. 835, there was no error in admitting such testimony as to other fires and the emission of sparks by other engines. (*Texas & Pac. R. Co. v. Watson,* 190 U. S. 287–289, 23 Sup. Ct. 681, 47 L. ed. 1057, 1059; *Texas & Pac. R. Co. v. Rosborough,* 235 U. S. 429, 35 Sup. Ct. 117, 59 L. ed. 299.)

"This evidence tended to show a habit of negligence on the part of the company about that time and in that vicinity. It also tended to establish the possibility, capacity and tendency of defendant's locomotives of the same class generally to emit sparks and set fires. It tended to establish either negligent construction and equipment and maintenance of its engines, or else negligent handling and operating of the same." (*Osburn v. Oregon R. R. etc. Co.,* 15 Ida. 478, at page 486, 16 Ann. Cas. 879, 98 Pac. 627, 630, 19 L. R. A., N. S., 742.)

Appellant complains that the evidence is insufficient to support a finding that the fire was started by the defendant in the manner alleged in the complaint, and that for this reason the court should have granted his motion for a directed verdict and his motion for a new trial.

It is not necessary to review the evidence in this case. We think it is sufficient to say that all of the material matters, such as the condition of the screen in locomotive No. 600, the manner in which said locomotive was handled and operated in passing the warehouse on the day of the fire, whether or not live sparks were emitted by it, and, if so, how far they would carry under the conditions existing on the day

of the fire, the time of the breaking out of the fire in controversy, whether the sheep train leaving Boise from an hour to two hours before the fire, and which some witnesses testified started a grass fire on its way out, could have been responsible for the loss in controversy, and the direction and velocity of the wind about the time of the fire, are matters with regard to which the evidence is conflicting, and under the well-established rule which has been affirmed and reaffirmed by this court many times, there being sufficient evidence to support the verdict of the jury, such verdict will not be disturbed.

Appellant further contends that the court erred in refusing to charge the jury as a matter of law that the defendant had established without dispute that engine No. 600 hauling the east-bound freight train was equipped on the day of the fire with as efficient a spark-arresting device as could be attained without unreasonably impairing the efficiency of that engine, and that they could not base a verdict upon the insufficiency or lack of repair of the spark-arresting device on that engine, and in expressly submitting that question to the jury by the eighth instruction. Whether such condition of engine No. 600 had been so satisfactorily shown in this case was a question exclusively for the jury, the evidence upon that point being in conflict.

Appellant says: "The court erred in refusing defendant's requested instructions Nos. 4 and 5, which placed upon the plaintiff the burden of establishing, first, that the fire was started by the defendant, and, secondly, that it was negligently started, and in charging only that the burden was on the plaintiff to prove that the property was destroyed by fire communicated from an engine and in the same connection charging that the burden of proof was on the defendant to overcome the presumption of negligence arising from the starting of the fire." This statement of appellant does not correctly show the action of the court in giving instructions on the matters covered by his requested instructions Nos. 4 and 5. We think the substance of said requested instruc-

tions, in so far as they correctly stated the law, was fully covered by the charge given to the jury, and that the jury was correctly instructed by the trial court as to the law of the entire case.

As a separate and additional defense to the cause of action set up in the complaint appellant alleges: "That if a fire was communicated to the building therein alleged by means of weeds and other vegetation in the immediate proximity thereof, that the burning of said building was caused and directly contributed to by the negligence and carelessness of the plaintiff corporation, Allen-Wright Furniture Company, in knowingly permitting dry weeds and other combustible substance to accumulate in the vicinity of and immediately adjacent to said building, and knowing that if said weeds and vegetation should become ignited from any cause that the ignition of said building would probably result as a direct consequence thereof, but that otherwise the same would not have burned."

On this defense the trial court instructed the jury as follows: "The defendant also raises the defense of contributory negligence. The court, however, decides as a matter of law that this is not a proper issue in this case, and therefore does not submit it to you for your consideration." Appellant assigns this instruction as error.

We think the ruling of the trial court in this regard was correct and supported not only by reason, but by the weight of authority. (*Le Roy Fiber Co. v. Chicago, M. & St. P. R. Co.*, 232 U. S. 340, 34 Sup. Ct. 415, 58 L. ed. 631, and cases there cited; Shearman & Redfield on Negligence, secs. 679, 680.)

The judgment of the trial court is affirmed, with costs to the respondent.

Rice, C. J., and Budge and Lee, JJ., concur.

McCarthy, J., being disqualified, did not sit at the hearing nor take part in the decision.