## CHARLESTON.

GOODALL LAFFERTY v. W. M. RITTER LUMBER COMPANY,
*a Corporation*

(No. 5362.)

Submitted September 29, 1925.   Decided October 20, 1925.

1   RAILROADS—*Evidence of Other Fires Held Admissible.*

Where it is claimed that plaintiff's property was destroyed by forest fire set out by a certain locomotive of defendant along the right-of-way of its narrow gauge railroad, evidence of other fires at or about the same time, caused by the locomotive in question or other locomotives of defendant similarly constructed and operating under substantially similar conditions, is admissible.   (p. 161.)

(Railroads, 33 Cyc. 1371.)

2. TRIAL—*Instruction Assuming as Proved Material Contro-
verted Facts Should Not be Given.*

An instruction which assumes as proved a material, con-
troverted fact, should not be given.   (p. 162.)

(Trial, 38 Cyc. p. 1657.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
· part of syllabi.)

Error to Circuit Court, Wyoming County.

Action by Goodall Lafferty against the W. M. Ritter Lum-·
ber Company. Judgment for plaintiff, and defendant brings
error.

*Reversed and remanded.*

. *James French Strother, F. E. Shannon* and *J. Albert Toler,*
for plaintiff in error.

*E. W. Worrell,* for defendant in error.

LITZ, JUDGE:

For damages to his property caused by forest fire, due to
its alleged negligence, the plaintiff obtained verdict and judg-
ment against the defendant in the sum of $1912.00.

Sunday, April 28, 1923, the premises of the plaintiff in
Wyoming county were swept by forest fire which he charges
was negligently set out the day previous by one of the two
locomotive engines owned and operated by defendant, while
proceeding over its narrow gauge railroad in said county.
The plaintiff introduced, as direct evidence of the negligence
complained of, the testimony of W. A. Brooks, who stated that
about 1:30 p. m., April 27, 1923, while standing 275 feet
away, immediately after the passing of one of said engines,
moving down grade attached to ten cars of logs, he observed
smoke arising at a point 55 feet from the center line of the
railroad and 1.17 miles by air line from plaintiff's premises;
and that before he could reach the place the fire had spread be-
yond his control.

Circumstantial evidence was admitted on behalf of the
plaintiff, over the objection of defendant, tending to show
that one or both of said locomotives on occasions near and re-

mote to the time of the fire under consideration, set out or emitted fire along the railroad right-of-way.

The defendant introduced proof to meet the foregoing evidence of the plaintiff and showed by its mechanics that both engines had been properly equipped with approved spark arresters and ash pans, and maintained in first class working condition. It proved further that there were other forest fires in progress between 4:00 and 5:00 o'clock on the afternoon of April 27th, 1500 feet nearer plaintiff's property than the point of origin of the fire testified to by W. A. Brooks; and offered, but was not permitted, to show that fires had been set out along its railroad track in the vicinity at or about the same time by engines operated, without spark arresters or ash pans, by Waugh & Torrents, railroad contractors.

Both parties presented other evidence for the purpose of establishing or disproving the charge of negligence against the defendant.

The evidence of other fires by defendant's engines does not show whether one or both of the locomotives, and if one only, which of the two, set out such fires. The courts of some States, including Virginia, have held that where the engines charged to have set out fire causing the injury complained of is identified, as in this case, evidence of fires by other engines of defendant is inadmissible. Much authority, however, is to the effect that even where the engine alleged to have caused the fire in issue is identified, it is proper to admit evidence of other fires caused by such engine, or other engines of the defendant, similarly constructed, at or about the same time, under substantially similar conditions. 2 Elliott on Railroads, 2d ed., Secs. 1221, 1224, 1225; I Wigmore on Evidence, 2d ed., Secs. 452, 453, 454, 455; 21 Ann. Cas. 1212, note; *Osburn* v. *Oregon R. & N. Co.*, 15 Idaho 478, 16 Ann. Cas. 879, 98 Pac. 627, 19 L. R. A. N. S. 742; *Dunning* v. *R. Co.*, 91 Me. 87, 39 Atl. 352; *Grand Trunk R. R. Co.* v. *Richardson*, 91 U. S. 454, 470. The evidence under consideration should have been excluded as it fails to show the conditions under which the engine was operating on any of the occasions in question. The evidence of emission of fire or burning coal by one of defendant's locomotives, nearly eighteen

months after the injury to plaintiff's premises, was too remote, and for that reason also should have been excluded. There is no ground, on the other hand, for rejecting the evidence of fires caused by the engines of Waugh & Torrents.

The giving of each of the three instructions for plaintiff is also assigned as error. The first of these instructions, after defining the duty of defendant relating to the equipment and operation of its engines to prevent the escape of fire and sparks therefrom, told the jury "if they believed from the evidence that the engine of the defendant *which set out the fire complained of*" was not so equipped and operated then the defendant was guilty of negligence and the jury should so find. The second informs the jury that the "fire complained of" might be attributed to a spark from a passing engine of defendant company, although not shown by direct evidence, if such fact is established by proof of circumstances excluding every other reasonable hypothesis; and therefore, if the jury believe from the facts and circumstances in the case that just prior to the passing of defendant's log train at the *place where the fire complained of started* there was no fire in that vicinity, and after said train passed a "slight smoke arose which quickly ignited the leaves and other inflammable substances then and there and rapidly developed into an uncontrollable forest fire", and further that there was no other reasonable means of communicating said fire to the *place where it started,* then the jury may believe that *said fire* was started by a spark or sparks emitted from defendant's train, and should so find.

The first of these instructions is erroneous for assuming that the fire causing the injury complained of was set out by defendant's locomotive. The second is also improper for assuming that the fire testified to by the witness Brooks spread to plaintiff's property, notwithstanding the several other intermediate fires, more than one-fourth mile nearer.

The judgment of the circuit court will be reversed, the verdict of the jury set aside, and defendant granted a new trial.

*Reversed and remanded.*