(January 31, 1894.)

## RUMPEL v. OREGON SHORT LINE RAILWAY CO.
### [35 Pac. 700.]

PRACTICE—EXCEPTIONS—SECTIONS 4426-4430 CONSTRUED.—Exceptions taken during the trial to the rulings of the trial court may be settled and saved in accordance with the provisions of section 4426 of the Revised Statutes of Idaho, or they may be settled after the trial in accordance with section 4430, or in statement on motion for new trial, and when so settled and saved will be reviewed by supreme court on appeal.

CONTRIBUTORY NEGLIGENCE.—Where the plaintiff, in passing along a street which was blocked by a railroad train, with an engine thereto attached, belonging to and then being operated by the defendant, passed under one of the cars of said train five times within an hour and a half, and was caught, and his leg crushed by the moving of the train in an attempt to pass under the sixth time, he is guilty of such contributory negligence as bars a recovery, and this even though the servants of the company failed to ring the bell or sound the whistle before starting.

PERSONS CROSSING RAILROAD TRACKS MUST USE CARE AND PRUDENCE.—Every person in the possession of his senses is bound to use ordinary care and prudence to protect his own person in crossing railroad tracks, and he is not relieved of such necessity, although the company is guilty of negligence, or a violation of the statute, in failing to ring the bell or sound the whistle before starting.

EVIDENCE—CARS BLOCKADING STREETS.—Evidence of a railroad company blockading streets at any other time than that at which the accident is alleged to have occurred, or of custom of people to crawl under cars so blockading streets at other times than that at which the accident occurred, not proper, and should be excluded from the jury.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Edgar Wilson, for Appellant.

Under our statutes, as construed by this court, there is no substantial difference between a statement and a bill of exceptions. The name given to the document is of little consequence. If it brings here the rulings or decisions of the court below, the objections and exceptions thereto, and is duly certified, it should be treated for what it is, and not for what it may have been called. In this case it is clearly a bill of exceptions, is certified as such and must be so considered. (*Bradbury v. Idaho etc. Land etc. Co.,* 2 Idaho, 239, 10 Pac. 620; *Schultz v. Keeler,* 2 Idaho, 333, 13 Pac. 481.) If the overruling of the demurrer was error, it needed no exception in order that it might be considered on appeal. In fact, this is a jurisdictional question appearing upon the face of the complaint, and one of which the defendant may complain for the first time in this court, if he so desires. (*Gorman v. County Commrs.,* 1 Idaho, 656; *Choynski v. Cohen,* 39 Cal. 501, 2 Am. Rep.

476; *Morgan v. Menzies,* 60 Cal. 341.)   It is to be observed that the doctrine of contributory negligence is to be taken with this qualification: that if, in addition to the negligence of the defendant, there enters the element of malice or pure willfulness, the contributory negligence of plaintiff is a false quality, and defendant is liable.   Although one may have placed himself in a position of danger, yet if the defendant needlessly or wantonly, or recklessly injuries him, the plaintiff can still recover.   (1 Harris' Damages by Corporations, p. 333; Weeks' Damnum Absque Injuria, 242, citing *Litchfield Coal Co. v. Taylor,* 81 Ill. 590; *Indianapolis etc. R. Co. v. McClure,* 26 Ind. 370; 89 Am. Dec. 467; *Mulherrin v. Delaware etc. R. Co.,* 81 Pa. St. 366; *Chicago etc. R. Co., v. Donahue,* 75 Ill. 106; *Hartfield v. Roper,* 21 Wend. 615, 34 Am. Dec. 273, and note; *Norris v. Litchfield,* 35 N. H. 271, 69 Am. Dec. 546; *Daley v. Norwich etc. R. Co.,* 26 Conn. 591, 68 Am. Dec. 413; *Cooper v. Iowa Cent. R. Co.,* 44 Iowa, 134; *Macon etc. R. Co., v. Davis,* 18 Ga. 679; *Brown v. Hannibal etc. R. Co.,* 50 Mo. 461, 11 Am. Rep. 420.)   Yet in the absence of such willfulness or wantonness the general rule established by the greatly prepondering weight of authority, both in England and America, is that if the injured party might, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence, and did not, the defendant will neither be held liable, nor will the damages be apportioned between them.   (*Gray v. Railway Co.,* 65 N. Y. 561; *State v. Manchester etc. R. Co.,* 52 N. H. 528; *Central R. Co. v. Van Horn,* 38 N. J. L. 133; *Garmon v. Bangor,* 38 Me. 443; *Hill v. New Haven,* 37 Vt. 501, 88 Am. Dec. 613; *Baltimore etc. R. Co. v. Mulligan,* 45 Md. 486, *Forks Township v. King,* 84 Pa. 230; *Baltimore etc. R. Co. v. Jones,* 95 U. S. 439; *Indianapolis etc. R. Co. v. Horst,* 93 U. S. 291; *Michigan Cent. R. Co. v. Campau,* 35 Mich. 468; *Murphy v. Chicago etc. R. Co.,* 45 Iowa, 661; *Mobile etc. R. Co. v. Ashcraft,* 48 Ala. 15; *Western Union Tel. Co. v. Quinn,* 56 Ill. 319; *Park v. O'Brien,* 23 Conn. 339; *Jackson v. Commissioner etc.,* 76 N. C. 282; *Laicher v. New Orleans etc. R. Co.,* 28 La. Ann 520; *Harlan v. St. Louis etc. R. Co.,* 65 Mo. 22; *Memphis etc. R. Co. v. Thomas,* 51 Miss. 637.)   It is contributory negligence, if, in the attempt to avoid that which is merely inconvenient and

in no sense dangerous, the person injured encounters a danger obviously apparent to the minds of reasonable men. (Patterson's Railway Accident Law, 63, citing *Adams v. L. & Y. Ry.*, L. R. 4 Com. P. 739; *Siner v. G. W. Ry.*, L. R. 3 Ex. 150, L. R. 4 Ex. 117; *G. H. etc. R. R. v. Le Gierse*, 51 Tex. 189; *Damont v. New Orleans etc. R. R.*, 9 La. Ann. 441, 61 Am. Dec. 214; *I. C. R. R. v. Able*, 59 Ill. 131; *Gavett v. Manchester etc. R. R.*, 16 Gray, 501, 77 Am. Dec. 422; *J. R. R. v. Hendricks*, 26 Ind. 228; Judgment of Bramwell, L. J., in *Lax v. Darlington*, 5 Exch. Div. 28; *Pennsylvania R. R. v. Aspell*, 23 Pa. St. 147, 62 Am. Dec. 323.) The act of passing under a train of cars, after dark, is an act of gross negligence, and where a person is injured while engaged in such an act, he. cannot recover. (*Central R. R. Co. v. Dixon*, 42 Ga. 327; 1 Thompson on Negligence, 429.) Though it is negligence for a railroad company to leave its train of cars standing and blocking up a public crossing of the streets for a longer time than the law allows, or under circumstances not authorized by law at all, so as to endanger the safety of persons attempting to cross, yet to endeavor to cross by crawling underneath the cars, where they are so standing in the crossing, is also such negligence and want of care as would, if an injury be incurred thereby by an adult person, amount to contributory negligence on his part, and prevent a recovery of damages by him for the injury. (2 Rorer on Railroads, pp. 1018, 1019, citing *Rauch v. Lloyd*, 31 Pa. St. 358, 370, 72 Am. Dec. 747.) The court erred in allowing any evidence to be introduced in regard to the railway company blockading streets or wagon roads in the town of Nampa at any time or place other than when and where plaintiff was injured. (*Gahagan v. Boston etc. R. R. Co.*, 1 Allen (Mass.), 187, 79 Am. Dec. 724, and note; *Peoria etc. Ry. Co. v. Clayberg*, 107 Ill. 644; 2 Rice on Evidence, 1108; *United States v. Buchanan*, 8 How. 83, 102; *Minty v. Union Pac. Ry. Co.*, 2 Idaho, 471, 21 Pac. 660.)

T. D. Cahalan, for Respondent.

Rulings of court upon orders, evidence or instructions, or irregularities at trial, not regularly excepted to, will not be reviewed. (*Thule v. Kaster*, 63 Cal. 242; *Leahy v. Southern Pac. R. R. Co.*, 65 Cal. 152, 3 Pac. 622; *Bangs v. Dunn*, 66 Cal.

73, 4 Pac. 963.) Specifications of error in a statement on motion for new trial will not be regarded when no objection or exception were entered or reserved. (*Paris v. Raynor,* 76 Cal. 647, 18 Pac. 788; *Knott v. Peden,* 84 Cal. 300, 24 Pac. 160; *Joyce v. White,* 95 Cal. 238, 30 Pac. 524; *Bohnert v. Bohnert,* 95 Cal. 444, 30 Pac. 590.) The exceptions not having been taken as required by section 4426, defendant thereby waived its objections to the alleged errors (*Lockhart v. Rollins,* 2 Idaho, 540, 21 Pac. 413), and will not be reviewed. (*Thide v. Kaster,* 63 Cal. 241; *Bangs v. Dunn,* 66 Cal. 22, 4 Pac. 963.) If at the time the injury was committed, it might have been avoided by the defendant in the exercise of reasonable care and prudence, an action will lie for the injury. (*Kerwhacker v. Cleveland etc. R. R. Co.,* 3 Ohio St. 172, 62 Am. Dec. 246, 4 Ohio St. 474; *Grand Trunk Ry. Co. v. Ives,* 144 U. S. 408, 12 Sup. Ct. Rep. 679; *Central Pass. R. Co. v. Kuhn,* 86 Ky. 578, 579, 9 Am. St. Rep. 309, 6 S. W. 441; *Inland etc. Coasting Co. v. Tolson,* 139 U. S. 551-558, 11 Sup. Ct. Rep. 653.) Where the statute is not complied with, the contributory negligence of the plaintiff cuts no figure, except in mitigation of damages. (*Chesapeake etc. Co. v. Foster,* 88 Tenn. 671, 13 S. W. 694, 14 S. W. 428, 11 Heisk. 385 , 9 Heisk. 827; 45 Am. & Eng. R. R. Cas. 61; *Cleveland v. Monagan,* 30 N. Y. 869; *Railway v. Jones,* 76 Ill. 311; *Harty v. Central R. R. Co.,* 42 N. Y. 468; *Randall v. Baltimore etc. R. Co.,* 109 U. S. 478, 3 Sup. Ct. Rep. 322; 45 Am. & Eng. R. R. Cas. 36; *Western etc. v. Jones,* 65 Ga. 681; 8 Am. & Eng. R. R. Cas. 267; *Georgia R. R. etc. v. Williams,* 74 Ga. 723 , 82 Ga. 400, 9 S. E. 169; 37 Am. & Eng. R. R. Cas., 481; *Saldoria v. Galveston etc.,* 43 Fed. 862; *Spicis v. Chesapeake etc.,* 45 Am. & Eng. R. R. Cas. 28; *Central Branch etc. R. Co. v. Henigh,* 23 Kan. 352, 33 Am. Rep. 167.) Where company has acquiesced in the use of a private way, they grant a license and must run their trains with caution. (*Swift v. Staten Island etc.,* 45 Am. & Eng. R. R. Cas. 180, citing *Barry v. New York Cent. R. Co.,* 92 N. Y. 289, 44 Am. Dec. 377; 13 Am. & Eng. R. R. Cas. 615; *Byrne v. New York Cent. etc. R. Co.,* 104 N. Y. 362, 58 Am. Rep. 512, 10 N. E. 539; *Wilkins v. St. Louis etc. Ry. Co.,* 101 Mo. 93, 13 S. W. 893.) No statute is necessary to make a railroad company liable for failure

to run trains with care and caution at a highway crossing; and the duty of the company may require due warning of the approach of the train by whistle or bell, or in some other way. (*Vandewater v. New York etc R. Co.*, 135 N. Y. 583, 32 N. E. 636, 18 L. R. A. 771; *Burger v. Missouri P. R. Co.*, 112 Mo. 238, 34 Am. St. Rep. 379, 20 S. W. 439; *Sellick v. Lake Shore etc. R. Co.*, 93 Mich. 375, 53 N. W. 556; *Lillstrom v. Northern Pac. R. R. Co.*, 53 Minn. 464, 55 N. W. 624; *Easley v. Missouri Pac. R. R. Co.*, 113 Mo. 236, 20 S. W. 1073; *Tyler v. Old Colony R. Co.*, 157 Mass. 336, 32 N. E. 227; *McCormick v. Kansas City etc. Ry. Co.*, 50 Mo. App. 109.)

Plaintiff brought suit against defendant corporation to recover damages alleged to have been sustained by plaintiff by reason and on account of negligence of defendant. The complaint alleges the corporate character of defendant, and "that on the twentieth day of June, 1890, while defendant owned, controlled and operated a railroad in Ada county, in the state of Idaho, and in the town of Nampa, in said Ada county, Idaho, said defendant negligently, carelessly, etc., allowed, permitted and caused freight cars and locomotive steam engine to stand, to be and to remain on their railroad track in said town of Nampa, county and state as aforesaid, in such manner as to block a public highway, commonly known as the 'Boise City, Nampa and River Wagon Road,' designated on plat of Nampa as 'Street F,' at a place or point where the Oregon Short Line and Utah Northern Railway and its switches cross said street, about one hundred and seventy-five yards west of the passenger depot of defendant, in said town of Nampa, for the period of about one. and one-half hours—from about 7:30 A. M. to about the hour of 9 o'clock A. M. on the twentieth day of June, 1890. That on the twentieth day of June, 1890, this plaintiff was a resident of the territory (now state) of Idaho, and of said town of Nampa, and employed as a day laborer by Ruel Murphy, in said town of Nampa. That as such day laborer, and in the course of the discharge of his duties, plaintiff was required and compelled to cross the railroad at the said street and wagon road crossing, while said street, highway and wagon road were so stopped up and blockaded as aforesaid by defendant. That in order to cross the defendant's railroad at the time and place mentioned

herein, this plaintiff was compelled to cross under one of the defendant's freight cars so blockading and stopping up said street, highway and wagon road as and in the manner aforesaid. That while the plaintiff was so endeavoring and attempting to cross the said railroad track at the time and place aforesaid, and by passing under one of the cars blockading said crossing, defendant carelessly, negligently and unlawfully, and without warning this plaintiff, without blowing any whistle, without ringing any bell and without any warning or alarm whatever, suddenly, carelessly and unlawfully started in quick motion, and to moving the said locomotive steam engine and freight cars which were so blockading said street, wagon road and public highway as aforesaid, in such a manner as to knock this plaintiff down, and to pass the wheels of one of said freight cars over the left leg of this plaintiff, crushing, mangling, breaking and bruising said left leg in such a way and manner as to render the amputation of said leg so mangled, broken and bruised, just below the knee joint, necessary. . . . . That said injury was not caused or brought about by any careless, negligent or unlawful act or acts or by contributory negligence of this plaintiff" —etc., and claims damages in the sum of $20,000.   To this complaint defendant interposed a general demurrer that complaint does not state facts sufficient to constitute a cause of action. This demurrer was overruled, to which ruling defendant excepted.   Defendant then filed its answer, wherein it denied "each and every allegation" of the complaint "except what is herein specifically admitted; denies that it permitted its freight cars and locomotive steam engine to stand and be upon its track, in the town of Nampa, in such manner as to blockade a public highway, wagon road and street, commonly known as the 'Boise City, Nampa and River Wagon Road,' and designated on the plat of Nampa as 'Street F,' or any other public highway, wagon road or street; denies that there is a public highway, wagon road or street at a point one hundred and seventy-five yards west of the defendant's depot, in the town of Nampa; denies that it did carelessly, negligently, wickedly, criminally and unlawfully start its locomotive steam engine and freight cars in motion without warning this plaintiff by ringing its bell and blowing its whistle"; and as a further cause of defense, "that at the time and

place this plaintiff alleges he was injured he was a tres-
passer upon defendant's railway tracks; that the injuries com-
plained of by the plaintiff were occasioned by his own careless-
ness and negligence." Upon the issues thus made up the case
went to trial before the court with a jury. The plaintiff having
rested his case upon the proofs made in support thereof, defend-
ant moved the court for a nonsuit, upon the ground that "the
plaintiff has failed to prove the allegation of his complaint, and
failed to make out a cause of action against the defendant; and
for the further reason that the evidence in this cause produced
on behalf of the plaintiff shows that he was guilty of contribu-
tory negligence, and therefore not entitled to recover"; which
motion was overruled by the court. The defendant declining
to offer any evidence, the case was submitted to the jury under
instructions from the court, and a verdict was returned in
favor of the plaintiff for the sum of $10,275. A motion for a
new trial was made, which was overruled by the district judge,
and from the order overruling said motion, as well as from the
judgment, this appeal is taken.

MORGAN, J. (After Stating the Facts.)—The record pre-
sents to us a statement on motion for new trial, which con-
tains what purports to be a statement of all the evidence in
the case, together with the objections to the admission of evi-
dence, the rulings of the district court thereon, and the excep-
tions thereto. Appended to the statement is the following
certificate:

"State of Idaho, } ss.
"County of Ada. }

"At chambers, this statement settled and allowed in the pres-
ence of Edgar Wilson, attorney for defendant, and T. D. Ca-
halan, attorney for plaintiff, to which ruling and action of the
undersigned the plaintiff, by his said counsel, then and there
excepted, for the reason that the alleged exception to errors
of law as alleged occurring during the trial of said action were
not taken in accordance with section 4426 of the Revised Stat-
utes of Idaho.

"September 21, 1893.                    E. NUGENT,
                                              "Judge."

It would seem that upon the trial of said cause a stipulation was entered into by the counsel for the several parties "that any exception taken during the trial of said cause may be settled at any time within twenty days subsequent to the termination of said trial, without reducing the same to writing, and settling the same at the time they are made in said trial." It is claimed by respondent that, as no bill of exceptions was ever served or settled on the part of the defendant, such exceptions cannot now be considered or reviewed by this court, although they appear in the statement on motion for a new trial, and settled by the district judge, and were heard, considered and passed upon by said judge upon said motion. Section 4426 of the Revised Statutes of Idaho contains the following provision: "Except as provided in the next section, the exception must be taken and settled at the time the decision is made, and no order of court shall be made for the settlement of such exception at any other time, except by the agreement of both parties. When an exception is taken, the court, judge, tribunal, or judicial officer shall allow sufficient time for the reduction to writing, and settlement of the same, and in case such time shall not be allowed, or such exception shall not be fairly settled, the facts may be shown by affidavit, and the party taking such exception may apply to the court, or tribunal, to which an appeal lies, in the action or proceeding, to settle the same fairly, according to the facts, and when so settled, the same shall become a part of the record in such action or proceeding." The paragraphs above quoted were interpolated into section 4426 by an act of the territorial legislature of January 31, 1887. The statutes, as they stood prior to this amendment, were amply sufficient to preserve all the rights of litigants. But nevertheless it is the statute, and so long as it remains, and counsel see fit to avail themselves of its provisions, the court must recognize and enforce it. By the provisions of section 4426, as above cited, where all exceptions are settled at the time they are made, it would seem that nothing further is required at the hands of the trial court, as to the settlements of exceptions. Each exception, when so settled, is a "bill of exceptions," and as such may be embodied in the statement on motion for a new trial, or may be the sole basis of a motion.

The view that the amendment of January 31, 1887, was a mere act of expediency is apparent when we consider that section 4430, which provides for the settlement of bills of exceptions was allowed to remain undisturbed. We cannot say that there is necessarily any conflict between sections 4426 and 4430. The contention of counsel for the respondent would seem to be that, as no exceptions were settled as provided in sections 4426 or 4430, therefore none can be reviewed by this court. We think counsel are wrong in this contention. Section 4820 of the Revised Statutes of Idaho provides what papers it is requisite for the party appealing to furnish the court upon an appeal from an order granting or overruling a motion for a new trial, to wit, "the papers designated in section 4443 of this code." Referring to section 4443, we find that the papers designated therein are: "The judgment-roll and the affidavits, or the records and files in the action, or bill of exceptions, or statement, as the case may be, used on the hearing, with a copy of the order made, shall constitute the record to be used on appeal from the order granting or refusing a new trial," etc., and the provisions of this section seem to have been substantially complied with in the case under consideration. The error into which counsel seem to have fallen is in assuming that it is only by a compliance with the provisions of section 4426 that exceptions taken in the district court can be brought before the appellate court. The incorporation of the exceptions in a statement used on motion for a new trial has always been considered under the code a proper and legitimate method of bringing the same before this court for review. The method of bringing cases here upon bills of exception is only an additional, and frequently more convenient and expeditious, one than that by statement; but either method is effectual.

The next question which the court is called upon to consider is the sufficiency of the complaint. It would appear at first sight that the plaintiff has pleaded himself out of court, inasmuch as he has stated that he was compelled to and did pass under the freight cars of the defendant while they were so blockading the street as above alleged. It is difficult to conceive how the plaintiff could, in the prosecution of his ordinary occupation, be compelled to pass under the freight cars

of the defendant, as there could hardly be such a condition of things that it would not be possible for the plaintiff · to go around the train instead of under it. It would also seem that there could hardly be a condition of things existing where in passing under one of the cars of a freight train it would not necessarily be contributory negligence, and bar a recovery. We are not prepared to say, however, that under this complaint a state of facts could not be proven which would entitle the plaintiff to recover, and therefore sustain the court below in overruling the demurrer. Should the motion for nonsuit have been granted, the evidence on the part of the plaintiff having been fully taken, and appearing on the record in the transcript herein, and no evidence being offered on the part of defendant? The defendant interposed its motion for nonsuit on the ground that the facts as proven do not entitle the plaintiff to recover: that plaintiff was guilty of such contributory negligence as would bar a recovery. The testimony shows beyond controversy the following facts substantially: That on the twentieth day of June, 1890, the defendant permitted and caused a train of freight cars, with an engine thereto attached, to stand upon its track in such way as to blockade F street in the town of Nampa, in this state; that the train was permitted to so remain half an hour to an hour and a half—precise time not proven. Plaintiff was a laborer, and was working in a livery and feed stable. On that morning he was called to breakfast about half-past 7. When he was called to breakfast he passed under the cars, going and again coming back to the stable. "After going back to the barn," he says, "I was told to go and fix a wind pump. I had to cross on F street again, and passed under the car. I then had to go back for a bolt, passed under again." In short, defendant states that he went under the cars that morning three times and back three times—in all he passed under the cars six times. There was nothing to hinder plaintiff passing around the train at either end at any time, except that it was inconvenient, and took too much time. He could have passed around the train by walking one hundred to one hundred and eighty-five yards and back. Plaintiff was an adult, and in possession of all his faculties. When plaintiff attempted to pass under the cars the sixth time, the engineer

started the train up, without ringing the bell or blowing the whistle; at least the witnesses state that they did not hear either whistle or bell. Plaintiff was caught by the wheels, and his leg crushed. The law in regard to cases of a similar character is well settled. We quote a few of the many cases at hand. When by law ringing the bell and sounding the whistle are required in approaching and passing over public crossings, the omission thereof amounts to actual negligence on the part of the company. But such omission and negligence does not render the company liable for injuries received at such crossings, unless the omission be the cause thereof or contribute thereto, without contributory negligence of the injured party, if in those states where the doctrine of contributory negligence prevails. (2 Rorer on Railroads, 1006.) It is such gross negligence and want of care, and so reckless an act, for a person to pass under the cars, though standing still at the inception of the effort, that if an injury is received in the attempt a recovery cannot be had against the company for the same, even if the cars be suddenly started without giving the usual signal for starting and thereby cause the injury. (2 Rorer on Railroads, 1130; Railroad Co. v. Copeland, 61 Ala. 380.) Negligence in the railroad company in giving the signals or in omitting signals of any kind will not excuse plaintiff's omission to be diligent in such use of his own means of avoiding danger; and where, by such use of his senses, the traveler might avoid danger, notwithstanding the neglect to give signals or warning, his omission is contributory negligence, and should be so peremptorily declared by the court; and, where proof of this is clear, the plaintiff thus negligent should be nonsuited. (Ernst v. Railroad Co., 39 N. Y. 68, 100 Am. Dec. 405, and note.) The doctrine of contributory negligence has been recognized as the true doctrine by this court in the case of Snyder v. Smelting Co., 3 Idaho, 28, 26 Pac. 127. The rule may therefore be formulated in these terms: Where the person injured, or the plaintiff, or any person whose negligence is attributable to the plaintiff, has so far contributed to the injury by his want of ordinary care that, but for such want of ordinary care on his part, the injury would not have been done, the railway is not liable to the plaintiff in damages for such injury. Thus

stated, the rule is supported by innumerable authorities.   (Patterson's Railway Accident Law, 46, 47, and a large number of cases there cited.)   The reason for the rule seems clearly to be as follows: The reason why, in cases of mutual concurring negligence, neither party can maintain an action against the other, is not that the wrong of the one is set off against the wrong of the other; it is that the law cannot measure how much of the damage suffered is attributable to the plaintiff's own fault. If he were allowed to recover, it might be that he would obtain from the other party compensation for his own misconduct. (Patterson's Railway Accident Law, 47; *Heil v. Glanding,* 42 Pa. St. 493, 498, 82 Am. Dec. 537.)   Contributory negligence is therefore defined to be that want of reasonable care upon the part of the person injured which concurred in the negligence of the railway in causing the injury.   (Patterson's Railway Accident Law, 48.)   The number of authorities that might be quoted in support of this doctrine leaves no doubt that it is founded upon correct principles.   In *Rauch v. Lloyd,* 31 Pa. St. 370, 72 Am. Dec. 747, the court say that, if the plaintiff is an adult of ordinary prudence and discretion, he would have no right of action; for, however, blameworthy the defendants may have been in leaving their cars on the crossing, common prudence would have restrained him from attempting to pass under them, and an adult would be bound to use common prudence.   (2 Rorer on Railroads, 1018.)

The fact that it was attempted to be proven, over the repeated objection of defendant, that it was the custom of the people of the town of Nampa to crawl under the cars when they blockaded the streets, if fully proven, could not have the slightest effect upon the plaintiff's right to recover, as a custom of the people in putting themselves daily in imminent danger of their lives in passing under cars blockading the streets with an engine attached thereto could not excuse the plaintiff in his indulgence in conduct so reckless and so wanting in ordinary prudence and care.   While it is improper and unlawful for a railroad company to unnecessarily blockade a street of a town or city with its cars, yet every man is bound at his peril to use ordinary care to preserve his own life and limbs, however unlawful the conduct of the agents and ser-

vants of the company may be.; therefore all evidence of the custom of the people in passing under the cars so blockading the streets was irrelevant and incompetent, and should have been excluded. The failure of the plaintiff—an adult in the full possession of his faculties of seeing, hearing, and reasoning—to exercise ordinary care to protect himself from danger so imminent will bar his recovery. The plaintiff cannot be relieved from the effects of his own negligence by the fact that there is a statute prohibiting the railroad company from obstructing the streets with their cars, or requiring the bell to be rung, or whistle sounded. (*Hudson v. Railway Co.,* 101 Mo. 13, 14 S. W. 15 (see, also, decisions cited above) ; *Lake Shore etc. Ry. Co. v. Pinchin,* 112 Ind. 592, 13 N. E. 677; 2 Thompson on· Negligence, 1175; *Reynolds v. Hindman,* 32 Iowa, 146.) When, by law, bell ringing and sounding the whistle are required in approaching and passing over public road crossings, the omission thereof amounts to actual negligence; but such omission and negligence do not render the company liable for injuries received at such crossings unless the omission be the cause thereof or contribute thereto without contributory negligence of the injured party. (2 Rorer on Railroads, 1006; *Reynolds v. Hindman, supra; Pennsylvania Co. v. Rathgeb,* 32 Ohio St. 66; *Krauss v. Railroad Co.,* 23 N. Y. Supp. 432, 69 Hun, 482; *Railway Co. v. Wallace,* 19 Am. & Eng. R. R. Cas. 359; *Schofield v. Railroad Co.,* 114 U. S. 615, 5 Sup. Ct. Rep. 1125.) The omission of the railway company to give statutory or other signals does not render it liable for injuries to one who, in crossing its track, fails to observe care on his own part. (*Krauss v. Railroad Co.,* 23 N. Y. Supp. 432, 69 Hun, 483; *Atchison etc. R. R. Co. v. Morgan,* 31 Kan. 77, 1 Pac. 298.)    A railroad company and a traveler on the highway have correlative rights. Neither has a superior right, except as it results from the difficulties and necessities of the case. (*Railway Co. v. Dill,* 22 Ill. 264.)    But a traveler approaching a crossing at the same time as a train, the traveler must give way as a matter of prudence, and because the necessities of the public are greater than those of any one person. Proof that the railroad company had blockaded the streets of Nampa at any other time than the time when the accident occurred does not prove, nor

tend to prove, that the street was blockaded at the time the accident occurred, nor does it excuse the plaintiff for not exercising ordinary care and prudence in protecting his own person, and such proof should have been excluded. (*Gahagan v. Railroad Co.,* 1 Allen, 187, 79 Am. Dec. 724, and note.) As to custom: Neither habit of railroad company in blockading the streets of Nampa, nor habit of people in creeping under cars so blockading streets, can have anything to do with the case at bar. These are not such customs as the law recognizes and enforces. Customs such as are contemplated in the law must be certain, reasonable, and ancient, and then in some cases have the force of law. It is true that a railway company running through the streets of a crowded city, where many people are passing and repassing across railroad tracks intersecting the streets, are held to greater care in running their trains, and guarding the crossings; and it is held that railway companies must take notice of the fact that such streets are frequently crowded, and therefore exercise greater care. So, if F street, in the town of Nampa, was much frequented by the people, and many were accustomed to cross and recross the railroad tracks on said streets, and such facts were known to the company, greater care and prudence would be required of the company in running its trains across said street, as human life is more valuable than the business or time of any individual; but, because greater care would be required of the railway company, this would not authorize the individual to relax one jot or tittle of the care and prudence necessary to protect his own life or limb. Therefore, any negligence of the company in failing to comply with statutory requirements, or in failing to exercise reasonable care and prudence, does not absolve the plaintiff from the necessity of exercising necessary care and prudence. We are of the opinion, therefore, that plaintiff, in passing under the cars of defendant five times on the morning of the accident, and attempting to pass under them the sixth time, was guilty of contributory negligence of an extraordinary character, and that such negligence bars recovery. The motion for nonsuit should have been allowed.

This opinion sufficiently indicates the errors in the instructions, and, as this decision holds that the nonsuit should have

been granted, which practically ends the case, we do not deem it necessary to further notice the instructions. The judgment of the lower court is reversed, and the cause remanded, with directions to the lower court to enter a judgment of nonsuit. Costs awarded to defendant.

Huston, C, J., and Sullivan, J., concur.