452 P.2d 362

Vasilija **PETRICEVICH** and Dusanka Petricevich, husband and wife, Plaintiffs-Appellants,

v.

**SALMON RIVER CANAL COMPANY, Inc.,** an Idaho Corporation, Defendant-Respondent.

No. 10239.

Supreme Court of Idaho.

March 25, 1969.

**866**

Kramer, Plankey & Meehl, Twin Falls, for appellants.

Coughlan, Imhoff, Christensen & Lynch, Boise, for respondent.

### McFADDEN, Chief Justice.

This action was instituted by Mr. and Mrs. Petricevich, the plaintiffs-appellants, for damages sustained in an accident which occurred when their automobile in which they and their children were riding struck a bull, the property of Heber Loughmiller.

The facts involved in this appeal are as follows:

On August 9, 1964 the plaintiffs (appellants) and their three minor children were enroute to Yellowstone Park on a vacation trip from their home in Oakland, California. About 9:00 o'clock p. m. the appellants were a few miles west of Twin Falls and about 3½ miles north of the village of Hollister in Twin Falls County when they collided with a bull wandering on U.S. Highway 93. The accident occurred in a herd district, within which, under I.C. § 25–2405, cattle are required to be confined within a fenced enclosure. Although Mr. Heber Loughmiller, the owner of the bull, maintained a wire fence around the perimeter of his land, the bull had escaped from the pasture through a hole in the fence and reached the highway where the accident occurred.

In the vicinity of the accident, the defendant Salmon River Canal Company, respondent herein, as a part of its irrigation water delivery system, maintains a delivery ditch which crosses U.S. Highway 93 and farm lands owned by Loughmiller. The Loughmiller property is situated east of the highway, and is enclosed by a fence, one portion of which establishes the boundary between the highway and Loughmiller's property. The Loughmiller bull had been pastured within this enclosure sometime prior to the accident.

Where the Loughmiller fence crosses respondent's ditch, east of the highway, the ditch is seven to eight feet in width, with the bottom of the ditch about four feet below the bottom of the fence. Mr. Loughmiller, as a part of the enclosure of his property, had installed a railroad tie eight to ten feet in width between two fence posts erected on the ditch bank. This railroad tie was 18 to 24 inches above the bottom of the canal and was attached to the bottom of the fence by anchor wires. This railroad tie was an affective barrier to the escape of cattle through the ditch and under the fence.

Mr. Loughmiller, by deposition, testified that the day following the accident, he inspected his fence and found it to be in good condition except at the point where it crossed the irrigation ditch. He observed that at this point the railroad tie had been burned, destroying it as a barrier to the escape of cattle. He also observed that weeds had been raked into a pile and burned immediately adjacent to the fence

**867**

and that there were bull tracks in the bottom of the dry canal leading out toward the highway. He stated in his deposition and affidavit that in his opinion this was the only point at which the bull could have escaped from its pasture.

Initially the appellants brought this action only against Heber Loughmiller, alleging that he had negligently allowed his bull to roam at large upon the highway in a herd district. Later the respondent Salmon River Canal Company was also joined as a defendant. Prior to trial, however, the court granted a motion dismissing Loughmiller from the action, leaving the respondent Canal Company as the sole defendant.

The appellants' last amended complaint alleged that the Company negligently kindled the fire which consumed the railroad tie, allowing the bull to escape from its pasture. The complaint also alleged that regardless of whether the respondent was negligent in starting or controlling the fire, it was nevertheless negligent in neither repairing the fence nor warning Mr. Loughmiller of the damage prior to the accident. The respondent answered the complaint on April 5, 1967, denying that it started the fire and raising as an affirmative defense the statute of limitations (I.C. § 5–219(4)).

Following the taking of numerous interrogatories, depositions, and affidavits by both sides, on August 29, 1967 the respondent moved for summary judgment. The motion was supported by the affidavit of Mr. Clarence Tanner, a company employee who was the ditch rider on the ditch in question, denying that the respondent started any fire. The appellants responded to the motion with the affidavit and deposition of Mr. Heber Loughmiller in which Mr. Loughmiller testified to the following: That the respondent is in charge of maintaining the canal, which job includes the burning of weeds; That on the day following the accident Mr. Loughmiller found that his fence had been burned at the point where it crossed the canal; That the resultant hole in the fence is the only spot

at which the bull could have escaped: That he found a raked pile of leaves which had been burned next to the fence; That although he did not see the respondent burn any leaves during the summer, he did see respondent's employees burn weeds early in the spring; That in his opinion it is unlikely that the fire was started by lightning, tourists, or his own employees; and that on several other occasions the respondent had burned his fences and fences belonging to his neighbors.

On the basis of the affidavits, depositions, pleadings and interrogatories, the district court granted the respondent's motion for summary judgment. In its memorandum opinion the trial court stated:

"My opinion in this regard is based upon two apparent weaknesses in plaintiffs' case only one of which seems to be recognized by the plaintiffs. First, is there any showing, other than pure speculation or conjecture, that the Salmon River Canal Company set a fire that eventually reached and consumed the railroad tie? I do not believe that any reasonable person could reach such a conclusion based upon the foregoing facts. See Gray v. Lonyear [sic] (N. M.1967) [78 N.M. 161] 429 P.2d 359 * * * But even if we concede that I am wrong and the plaintiffs are right in this regard, there is still the second weakness to overcome, namely what facts are presently before this Court from which we can reach the legal conclusion that the Salmon River Canal Company was negligent in kindling the fire in the first place or managing the fire after it was kindled?"

The appellants appealed from the summary judgment and order in respondents' favor and from the order denying their motion to reconsider, assigning as error the trial court's determination that there are no triable issues of fact in the case and that there is no evidence tending to establish that the respondent started the fire in question. The appellants contend that there is a genuine issue concerning

whether the respondent started the fire and that the summary judgment was therefore improper.

The appellants' claim is based upon their assertion that the respondent was responsible for the fire which destroyed Mr. Loughmiller's fence. In the absence of such a showing, as pointed out by the trial court, there is no basis upon which the respondent could be held liable to the appellants for the injuries they sustained. The first question to be considered here, then, is whether the district court erred in deciding that there was no genuine issue of material fact as to whether or not respondent was responsible for the fire. It there is such an issue, or if resolution of the controversy by the trial court depended upon the credibility of the witnesses or the weight to be given to their testimony, the summary judgment was improper. Merrill v. Duffy Reed Constr. Co., 82 Idaho 410, 353 P.2d 657 (1960); Steele v. Nagel, 89 Idaho 522, 406 P.2d 805 (1965); Anderson v. Smith Frozen Foods of Idaho, Inc., 83 Idaho 494, 365 P.2d 965 (1961); In re Killgore's Estate, 84 Idaho 226 370 P.2d 512 (1962).

■ The allegations of the complaint and the denials of the answer present a question of fact as to the cause of the fire. The appellants allege that the respondents started it, and the respondents deny it. But a trial court is not limited to a consideration of the pleadings in determining whether a genuine issue of material fact exists. Upon a motion for summary judgment all affidavits, depositions and interrogatories are to be considered in conjunction with the pleadings. I.R.C.P. 56(c). Such material can be used to pierce the formal allegations of the pleadings and to show that what appears on the face of the pleadings alone to be a genuine issue of fact is in reality not a genuine issue at all. 6 Moore's Federal Practice, § 56.15 [1.—02], p. 2291 (2d ed. 1966). See also Tri-State Nat. Bank v. Western Gateway Storage Co., 92 Idaho 543, 447 P.2d 409 (1968); Richard v. Credit Suisse, 242 N.Y. 346, 152 N.E. 110, 45 A.L.R. 1041 (1926);

3 Barron & Holtzoff, Federal Practice and Procedure, § 1235.1, p. 153 (Rules ed. 1958); Wright, Federal Courts, § 99, p. 387 (1963).

■ The burden is at all times upon the moving party to prove the absence of a genuine issue of material fact. Christiansen v. Rumsey, 91 Idaho 684, 429 P.2d 416 (1967). 6 Moore's Federal Practice, § 56.15 [3], pp. 2335–2336 (2d ed. 1966). Additionally this court has consistently held that upon a motion for summary judgment all doubts are resolved against the moving party. Merrill v. Duffy Reed Constr. Co., 82 Idaho 410, 353 P.2d 657 (1960); In re Killgore's Estate, 84 Idaho 226, 370 P.2d 512 (1962); Deshazer v. Tompkins, 89 Idaho 347, 404 P.2d 604 (1965); Otts v. Brough, 90 Idaho 124, 409 P.2d 95 (1965); Lundy v. Hazen, 90 Idaho 323, 411 P.2d 768 (1966).

■■ In the present case the respondent, by the affidavit of its employee Clarence Tanner, unequivocally denied starting the fire in question. Under such circumstances, it was incumbent upon the appellants to respond, in detail as specific as that of the moving party, setting forth facts contradicting the evidence contained in the moving party's affidavit. I.R.C.P. 56(e). The appellants responded with the affidavit and deposition of Mr. Loughmiller setting forth circumstantial evidence to refute Mr. Tanner's affidavit. Respondent contends that I.R.C.P. 56(e) requires a party opposing a motion for summary judgment to contradict the moving party's affidavits by affirmative, direct evidence and that therefore the supporting materials tendered by the appellants were insufficient to defeat the motion for summary judgment. It is settled, however, that facts can be proven by circumstantial, as well as by direct, evidence. Dick v. Reese, 90 Idaho 447, 412 P.2d 815 (1966). If the circumstantial evidence submitted by the appellants tends to prove that respondent was responsible for the fire, thus creating a genuine issue over the cause of

the fire, it would be sufficient to defeat the motion for summary judgment.

The next question, then, is whether the respondent's evidence, in the face of this conflicting circumstantial evidence presented by the appellants, is sufficient to establish that there is no genuine issue of fact.

Upon a motion for summary judgment a court will consider only that material contained in affidavits or depositions which is based upon personal knowledge and which would be admissible at trial. I.R.C.P. 56(c); Moore states that

"Rule 56(c) * * * includes depositions within its enumeration of materials that may be considered on a motion for summary judgment to the end that deposition materials that are admissible in evidence—*i. e.*, the testimony is competent, relevant and material—may be considered on a motion for summary judgment." 6 Moore's Federal Practice, § 56.11 [4], p. 2191 (2d ed. 1966).

The question then arises whether the testimony contained in Loughmiller's deposition to the effect that the respondent has on several other occasions burned other fences is admissible evidence. The admissibility of this evidence turns upon the distinction often drawn between evidence of habit and evidence of a person's character.

Evidence of a habit is generally admissible, at least in the absence of eyewitnesses, to prove that a person acted in accordance with that habit on a particular occasion. Hodges v. Hill, 175 Mo.App. 441, 161 S.W. 633 (1913); Howard v. Capital Transit Co., 97 F.Supp. 578 (D.C.1951); 2 Wigmore on Evidence, § 376, p. 306 (3d ed. 1940); Uniform Rules of Evidence, R. 49. The habit itself can be proved by specific instances of its occurrence. Whittemore v. Lockheed Aircraft Corp., 65 Cal. App.2d 737, 151 P.2d 670 (1944); Reagan v. Manchester Street Ry. Co., 72 N.H. 298, 56 A. 314 (1903); McCormick, Handbook of the Law of Evidence, Hornbook Series, § 162, p. 343 (1954); 2 Wigmore on Evidence, § 376, p. 306 (3rd ed. 1940). On the other hand, it is almost universally ac-

knowledged that evidence of a person's character as a careful or negligent person offered to prove a tendency or predisposition for careful or negligent conduct is inadmissible to prove that he acted in accordance with his character on a given occasion. Denbeigh v. Oregon-Washington R.R. & Navigation Co., 23 Idaho 663, 132 P. 112 (1913); Moritz v. Rivers, 175 Kan. 809, 267 P.2d 506 (1954); Nesbit v. Cumberland Contracting Co., 196 Md. 36, 75 A.2d 339, 20 A.L.R.2d 1212 (1950); Grenadier v. Surface Transp. Corp., 271 App.Div. 460, 66 N.Y.S.2d 130 (1946); Webb v. Van Noort, 239 Cal.App.2d 472, 48 Cal.Rptr. 823 (1966); Como v. Bastolla, 19 A.D.2d 531, 240 N.Y.S.2d 386 (1963); Knoepfle v. Suko, 108 N.W.2d 456 (N.D.1961); Ryan v. International Harvester Co. of America, 204 Minn. 177, 283 N.W. 129 (1938); 1 Wigmore on Evidence, § 65, pp. 481–483 (3d ed. 1940); McCormick, Handbook of the Law of Evidence, Hornbook Series, § 156, pp. 325–326 (1954). But as McCormick says,

" * * * the line is close between particular instances to show habit or custom, and particular instances to show character for negligence which on an issue of conduct would not be allowed. (McCormick, Handbook of the Law of Evidence, Hornbook Series, § 162, p. 343 fn. (1954)).

Appellants point to the following testimony of Loughmiller:

"Q. Now you also indicated that this was pretty much of a general habit of the individuals who start these fires to burn fences. Is this right?

"A. It is a general practice of the crews of the Salmon River Canal Company to burn every fence crossing they come to."

Appellants argue that this testimony sufficiently establishes that respondent engaged in a "habit" of burning down fences. However, the real question is whether the respondent's past conduct is a "habit" or is at most only an indication of a predisposition towards negligence? Wigmore states

"There is, however, much room for difference of opinion in concrete cases, owing chiefly to the indefiniteness of the notion of habit or custom. If we conceive it as involving an invariable regularity of action, there can be no doubt that this fixed sequence of acts tends strongly to show the occurrence of a given instance. But in the ordinary affairs of life a habit or custom seldom has such an invariable regularity. Hence, it is easy to see why in a given instance something that may be loosely called habit or custom should be rejected, because it may not in fact have sufficient regularity to make it probable that it would be carried out in every instance or in most instances. Whether or not such sufficient regularity exists must depend largely on the circumstances of each case." Wigmore on Evidence, § 92, p. 520 (3d ed. 1940).

Wigmore also states that instances of prior conduct are admissible to establish the existence of a habit provided

" * * * (a) that they should be numerous enough to base an inference of systematic conduct, and (b) that they should have occurred under substantially similar circumstances, so as to be naturally accountable for by a system only, and not as casual recurrences." (Wigmore on Evidence, Vol. 2, § 376, p. 305 (3d ed. 1940)).

■ This court has previously considered the admissibility of past acts as evidence that a similar act occurred on a given occasion and has held such evidence inadmissible. In Denbeigh v. Oregon-Washington R. R. & Navigation Co., 23 Idaho 663, 132 P. 112 (1913), this court held that evidence of an engineer's reputation as a careful and prudent engineer was inadmissible to prove that he acted in accordance with that reputation at the time of the accident. Even more directly in point is Rumpel v. Oregon Short Line Ry. Co., 4 Idaho 13, 35 P. 700, 22 L.R.A. 725 (1894), in which the plaintiff sought to introduce evidence that the railroad company had on several occasions blocked a city street with its cars. This evidence was offered to prove that the street was blocked at the time of the accident. This court, however, rejected the evidence, holding that

"Proof that the railroad company had blockaded the streets of Nampa at any other time than the time when the accident occurred does not prove, nor tend to prove, that the street was blockaded at the time the accident occurred, * * *. Neither habit of railroad company in blockading the streets of Nampa, nor habit of people in creeping under cars so blockading streets, can have anything to do with the case at bar." 4 Idaho at 26–27, 35 P. at 703.

In the present case there is no indication of how many times the respondent allegedly burned down Mr. Loughmiller's fences. Neither is there any showing of similar circumstances so as to give a basis for an inference that the burned fences are a regular response to a given situation. It is our opinion that the evidence of past fires is at best only evidence of a predisposition toward negligence and as such would be inadmissible at trial. This conclusion is in accord with the great weight of authority in cases surprisingly similar to the case at bar. In Brownhill v. Kivlin, 317 Mass. 168, 57 N.E.2d 539 (1944), the plaintiff sought to introduce evidence that the defendant had caused three prior fires by careless smoking as evidence of the cause of a particular fire. Relying upon a great many Massachusetts cases the court held the evidence inadmissible. See also Robbins v. Alexander, 219 N.C. 475, 14 S.E.2d 425 (1941); Lefcourt v. Jenkinson, 258 App.Div. 1080, 18 N.Y.S.2d 160 (1940); Louisville & Nashville R. R. Co. v. Howe, 243 S.W.2d 905 (Ky.App.1951); Washita Valley Grain Co. v. McElroy, 262 P.2d 133 (Okl.1953); Jackson v. Chesapeake & O. Ry. Co., 179 Va. 642, 20 S.E.2d 489 (1942).

It should be noted that there are a few Idaho decisions holding evidence of prior fires admissible. See Osburn v. Oregon

R. R. & Navigation Co., 15 Idaho 478, 98 P. 627, 19 L.R.A.,N.S., 742 (1908); Fodey v. Northern Pacific Ry. Co., 21 Idaho 713, 123 P. 835 (1912); Allen-Wright Furniture Co. v. Hines, 34 Idaho 90, 200 P. 889 (1921). Nothing in these cases, however, is inconsistent with our decision in the present case. It should be noted that each of these cases involved a fire started by sparks from a railroad locomotive. There has developed in the law a line of authority in virtually every jurisdiction holding that evidence of prior fires kindled by locomotives is admissible, under certain circumstances, to prove, not that the locomotive did in fact start a particular fire, but to prove that the locomotive was capable of starting it and that it was not impossible for the fire to originate from this source. See the discussion of this line of authority in 2 Wigmore on Evidence, §§ 452–456, pp. 454–456 (3d ed. 1940), and cases cited therein.

In this case both parties submitted material by way of affidavits, depositions, interrogatories and requests for admissions. These materials were submitted in support of the respective parties' positions on respondent's motion for summary judgment. Under this state of the record the next question for consideration is whether at the time of ruling on respondent's motion for summary judgment the trial court had before it any admissible evidence creating a genuine issue of material fact. Some courts have held that a party opposing summary judgment need only present sufficient evidence to create "the slightest doubt" as to the facts to defeat the motion for summary judgment. See Doehler Metal Furniture Co. v. United States, 149 F.2d 130 (2d Cir. 1945); Peckham v. Ronrico Corp., 171 F.2d 653 (1st Cir. 1948); Armco Steel Corp. v. Realty Investment Co., 273 F.2d 483 (8th Cir. 1960). But as Professor Wright says,

"Such statements are a rather misleading gloss on a rule which speaks in terms of 'genuine issue as to any material fact,' and would, if taken literally, mean that there could hardly ever be a summary judgment, for at least a slight doubt can

be developed as to practically all things human." (Wright, Federal Courts, § 99, p. 387 (1963)).

■ This court has recently rejected the "slightest doubt" test in Tri-State Nat. Bank v. Western Gateway Storage Co., 92 Idaho 543, 447 P.2d 409 (1968), stating:

"* * * the rule (I.R.C.P. 56(c)) itself, in permitting summary judgment where 'no *genuine* issue of any *material* fact' appears, plainly requires more to forestall summary judgment than the raising of the 'slightest doubt' as to the facts." 447 P.2d at 412.

In our opinion the better rule is that summary judgment will be granted whenever on the basis of the evidence before the court a directed verdict would be warranted or whenever reasonable men could not disagree as to the facts. Gifford v. Travelers Protective Ass'n of America, 153 F.2d 209 (9th Cir. 1946); Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). Christianson v. Gaines, 85 U.S.App.D.C. 15, 174 F.2d 534 (1949); Miller v. Hoffman, 1 F.R.D. 290 (D.N.J.1940); 6 Moore's Federal Practice, § 56.11 [3], p. 2171 (2d ed. 1966). 3 Barron & Holtzoff, Federal Practice and Procedure, § 1234, p. 133 (Rules ed. 1958), citing cases, states that

"Flimsy or transparent contentions, theoretical questions of fact which are not genuine, or disputes as to matters of form do not creat genuine issues which will preclude summary judgment. Neither is a mere pleading allegation sufficient to create a genuine issue as against affidavits and other evidentiary materials which show the allegation to be false. *A mere scintilla of evidence is not enough to create an issue; there must be evidence on which a jury might rely.* A popular formula is that summary judgment should be granted on the same kind of showing as would permit direction of a verdict were the case to be tried." (Emphasis added.) (at pp. 132–133)

Eliminating from consideration the inadmissible evidence contained in the af-

fidavit and deposition of Mr. Loughmiller as to prior fires caused by respondent, there is nothing in the record to create a "genuine" issue as to the responsibility of respondent for the fire which destroyed the railroad tie. In the affidavit of Mr. Charles Tanner it is affirmatively denied that respondent kindled the fire. At best appellant has established that the railroad tie was burned; that a pile of raked burned leaves was found next to it; that respondent maintains the ditch and occasionally burns weeds along it; that respondent had burned weeds in the area a few months earlier, and that it was "unlikely" that the fire was kindled by lightning, tourists, or employees of Mr. Loughmiller. This, however, is insufficient to create a "genuine" issue. It is difficult to believe that reasonable men could reach different conclusions on the basis of this evidence. Gray v. E. J. Longyear Co., 78 N.M. 161, 429 P.2d 359 (1967).

Inasmuch as the appellants have failed to establish that the respondent kindled the fire which destroyed the railroad tie, it is unnecessary to consider appellants' arguments that the respondent was negligent in starting or controlling the fire or in failing to repair the fence or to warn Mr. Loughmiller of the damage. The appellants' case fails in its entirety with the appellants' failure to establish the cause of the fire.

The summary judgment is affirmed. Costs to respondent.

McQUADE and DONALDSON, JJ., concur.

SHEPARD and SPEAR, JJ., concur in the conclusion only.