Mary K. MOORE, as Personal Representative for and Administratrix of the Estate of Carolyn Henricks, Deceased, on behalf of Joyce Jennings, et al., Appellant (Plaintiff),

v.

Irun KILJANDER, Appellee (Defendant).

No. 5172.

Supreme Court of Wyoming.

Dec. 26, 1979.

Robert M. Shively, Murane & Bostwick, Casper, for appellant.

Robert H. McCrary, Schwartz, Bon & McCrary, Casper, for appellee.

Before RAPER, C. J., and McCLIN-TOCK, THOMAS, ROSE and ROONEY, JJ.

McCLINTOCK, Justice.

Carolyn Henricks and Darci Pepper were killed in a one-car collision after the pickup truck that Carolyn was driving ran off the right-hand side of the road and overturned. The district court granted a motion for summary judgment dismissing a suit alleging negligent entrustment that was brought by the personal representative of Carolyn Henricks' estate. After reviewing the undisputed facts and the relevant law the district court held that appellant failed to present any evidence showing that defendant knew or should have known that Carolyn Henricks was incompetent. Appellant appeals from that judgment, raising nine points of error. The question of whether there is a genuine issue of material fact concerning the negligence of the en-

truster disposes of the appeal and therefore we shall not consider the other issues raised by appellant.

The record, consisting solely of the defendant's deposition and a stipulation of facts, reflects the following undisputed facts. Defendant, Irun Kiljander, owned a four-speed manual-transmission pickup truck. Defendant, his girl friend, Darci Pepper, and Carolyn Henricks were going to Riverton in defendant's pickup to purchase a dog for Darci. Defendant was driving when the trip started, and eventually the girls began "bugging" Kiljander to let Carolyn drive his truck. Defendant testified that he thought Carolyn was sixteen or seventeen years old and that he knew that a sixteen-year-old could obtain an unrestricted driver's license in Wyoming. While defendant did not inquire as to whether Carolyn did in fact have a driver's license, he did ask her whether she knew how to drive a four-speed manual-transmission pickup truck. Kiljander testified that Carolyn assured him she did know how to drive his truck and that she had driven her father's manual-transmission pickup truck. Both girls told him Carolyn was a good driver. Kiljander finally agreed to allow Carolyn to drive his pickup. While Carolyn was driving at a speed estimated by Kiljander to be between 35 to 40 miles per hour, the vehicle left the road at a point where there was a gradual left curve. The truck overturned, killing both girls.

The general rule is that in order to establish liability under the theory of negligent entrustment the plaintiff must prove that the entruster was negligent in supplying the instrumentality to an incompetent person. *Upland Mutual Insurance, Inc. v. Noel*, 214 Kan. 145, 519 P.2d 737, 742 (1974). To meet this burden the plaintiff must show that the entruster either knew or should have known that the person to whom the instrumentality was entrusted was incompetent. *Finch v. Canaday*, 75 Wyo. 472, 297 P.2d 594, 598 (1956); Second Restatement of Torts, § 390 (1965). The authors of the Second Restatement of Torts have described the tort of negligent entrustment in the following manner:

"1. 'One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.' (Rest. Torts 2d, § 390.)"

Appellant alleges that Kiljander should have known of Carolyn's incompetence, but there is no direct or circumstantial evidence in the record supporting this allegation. The only evidence presented was the deposition of Kiljander and a stipulation of facts. While the record does reflect that Carolyn was only thirteen years old at the time of her death, there is no direct or indirect evidence from which the district court judge could have inferred that Kiljander knew or should have known Carolyn's actual age. In his deposition, Kiljander stated that he thought Carolyn was sixteen or seventeen years old and that before he allowed her to drive his truck she assured him that she knew how to drive a four-speed manual-transmission pickup truck. It was then incumbent upon appellant to present evidence contradicting the testimony of Kiljander. However, appellant failed to provide any direct or indirect evidence from which the trial court or this court could infer that Kiljander knew or should have known of the deceased girl's incompetence. For example, appellant could have responded by affidavit or deposition showing that Carolyn did not appear to be sixteen or seventeen and that in fact she looked like a typical thirteen-year-old girl. For the purposes of summary judgment, knowledge may be shown by circumstantial evidence and the entruster's denial of such knowledge does not per se negate negligence. *Thompson, II v. Bolton Chevrolet Company*, 125 Ga.App. 369, 187 S.E.2d 574, 575 (1972); see also, *Petricevich v. Salmon River Canal Company*, 92 Idaho 865, 452 P.2d 362, 365 (1969).

██ The purpose of a summary judgment is to dispose of suits before trial that present no genuine issue of material fact. Granted the movant has the initial burden of presenting a prima facie case, once this is accomplished the opposing party may not merely stand upon his pleadings. The burden shifts and the opposing party must show that there is a genuine issue of material fact. *Clouser v. Spaniol Ford, Inc.*, Wyo., 522 P.2d 1360, 1362–1363 (1974); *Wood v. Trenchard*, Wyo., 550 P.2d 490, 492 (1976). As stated in Wright and Miller, Federal Practice and Procedure: Civil § 2727, pp. 532–534 (1978):

"In spite of the usual rule that all doubts are resolved against the moving party, there is one inference to which he [movant] is entitled by virtue of the last sentence in Rule 56(e) [F.R.C.P. and W.R. C.P.]. If the movant presents credible evidence that would entitle him to a directed verdict if not controverted at trial, this evidence must be accepted as true on a motion for summary judgment when the party opposing the motion does not offer counter-affidavits or other evidentiary material supporting his contention that an issue of fact remains, or does not show a good reason, in accordance with Rule 56(f), why he is unable to present facts justifying his opposition to the motion."

██ Kiljander's deposition and the stipulation of facts that were before the trial court show no genuine issue of material fact and the summary judgment must be affirmed.

Affirmed.