700 P.2d 970

**M & H RENTALS, INC., an Idaho corporation, Plaintiff-Respondent,**

v.

**Donald M. SALES, Defendant-Appellant,**

and

**American Excavation and Paving, Inc., an Idaho corporation; Frank A. Workman; Forrest Anglemyer; Robert L. Cooper and Donald L. Dullenty, Defendants.**

No. 14494.

Court of Appeals of Idaho.

June 3, 1985.

Petition for Review Denied
Aug. 27, 1985.

Michael J. Verbillis, Coeur d'Alene, for defendant-appellant.

Darrel W. Aherin, Aherin, Rice & Brown, P.A., Lewiston, for plaintiff-respondent.

PER CURIAM.

This is an appeal from a summary judgment imposing liability upon a guarantor for a debt arising from an equipment lease transaction. The guarantor, Donald M. Sales, contends that the judgment was entered erroneously, despite genuine issues of material fact concerning allegations of unconscionability and failure to mitigate losses. We affirm the judgment.

Before addressing these issues, we turn to a threshold question regarding the appealability of the judgment. Ironically, this question is raised by the appellant himself for reasons which pertain to ancillary proceedings in this case and which require no discussion here.

The judgment in question is the last in a series of orders or judgments disposing of claims among the parties. The claims arose from a transaction in which M & H Rentals, Inc., leased a Caterpillar loader to American Excavation & Paving, Inc. As security, M & H obtained the personal guarantees of corporate officers including the appellant, Donald M. Sales. Guarantees also were obtained from Frank A. Workman, Forrest Anglemyer, Robert L. Cooper, and Donald L. Dullenty. Lease payments fell into arrears and the lessor declared a default. The leased equipment was repossessed and sold, as provided in the lease agreement. The proceeds were applied to the lessee's contract obligation, leaving a deficiency of approximately $11,360 under the lease. M & H sued to collect the unpaid balance. A default judgment was entered against American Excavation, Workman, and Anglemyer. Subsequently, an "Order for Summary Judgment" was entered against Dullenty. Finally, an "Order for Summary Judgment" now before us was entered against Sales and Cooper. Sales appealed.

■ Despite its style as an "Order for Summary Judgment," we deem the instrument to be a judgment. Whether an instrument is a judgment turns upon its content and substance, not upon its title. *Idah-Best, Inc. v. First Security Bank of Idaho*, 99 Idaho 517, 584 P.2d 1242 (1978). Here, the instrument fully adjudicates the claims pertaining to Sales and Cooper. It fixes the aggregate amount owed to M & H, including awards of costs and attorney fees. Conversely, it does not recite that any other form of judgment shall be prepared, nor does the record indicate that preparation of another instrument was contemplated.

■ We also deem this judgment to be final, as required for appealability under I.A.R. 11. Although the judgment adjudicates less than all claims asserted in the lawsuit, it is, as we have noted, the last in a series and it disposes of all remaining claims, leaving none pending. Therefore, it is of no consequence that the judgment has not been certified as final under I.R.C.P. 54(b). As the *Idah-Best* decision makes clear, Rule 54(b) is designed to prevent piecemeal appellate litigation. By its own terms, it is inapplicable to a judgment that leaves no claims undecided. We conclude that the "Order for Summary Judgment" is a final judgment for the purpose of appellate jurisdiction.

■ We now consider Sales' argument that summary judgment was improper. In his answer to M & H's complaint, Sales alleged as affirmative defenses that the lease agreement was unconscionable and that M & H had not taken appropriate steps to mitigate its losses after the breach. The latter point was directed toward dealings by M & H with respect to the leased equipment after repossession. However, Sales failed to respond to certain "requests for admissions" served upon him pursuant to I.R.C.P. 36. Consequently, he was deemed to have admitted the matters set forth therein, including Request No. 6: "That said equipment has been disposed of and the proper credits applied to the defendant's account." The district court ruled that this admission disposed of any claim that losses had not been properly mitigated. We find no error in this holding.

■ The district court also treated Request No. 6 as dispositive of the issue of unconscionability. On this point we disagree. The thrust of Sales' position on this issue was that the lease agreement granted the lessor remedies for breach far in excess of those required to compensate for the losses incurred. Sales urged that M & H had received, or was seeking to collect, sums of money exceeding the actual, reasonable damages occasioned by the breach. He has made the same argument on ap-

**570**

peal, citing by analogy the power of the courts to avoid unconscionable results under contracts governed by the Uniform Commercial Code. *See* I.C. § 28–2–302. On the substantive grounds of unconscionability, he has cited *Graves v. Cupic*, 75 Idaho 451, 272 P.2d 1020 (1954) (contract damages disproportionate to actual damages held to be an unenforceable penalty). Thus, the issue of unconscionability turned upon the relationship between M & H's actual damages and the amounts sought and received under the lease agreement. The issue was not germane to, nor extinguished by, the admission of "proper credits" as set forth in Request No. 6.

■ But that does not exhaust our analysis. When a district court has reached the correct result, albeit upon an erroneous theory, the result will be upheld by applying the correct theory. *E.g., Andre v. Morrow*, 106 Idaho 455, 680 P.2d 1355 (1984). The question remains whether, even when Request No. 6 is disregarded on the issue of unconscionability, summary judgment was proper.

Summary judgment should not be granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any," show the existence of an issue of material fact. I.R.C.P. 56(c). However, I.R.C.P. 56(e) mandates that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Summary judgment is appropriate "whenever on the basis of the evidence before the court a directed verdict would be warranted or whenever reasonable men could not disagree as to the facts." *Petricevich v. Salmon River Canal Co.*, 92 Idaho 865, 871, 452 P.2d 362, 368 (1969).

■ Here, Sales submitted an affidavit merely saying that he was inexperienced in the subtleties of lease agreements, that he did not have legal advice prior to the execution of the lease agreement, that the lessor had not explained the lease to him, that the total price of the lease was never disclosed and that, to his knowledge, the lessor had not attempted to mitigate damages. This affidavit wholly failed to address the relationship between M & H's actual damages and the amounts sought and received under the lease agreement. The burden of proving an unconscionable penalty was on Sales. *See Woodger v. AMR Corp.*, 106 Idaho 199, 677 P.2d 512 (Ct.App.1984). Accordingly, we conclude that Sales did not establish a genuine issue of material fact concerning the issue of unconscionability. Summary judgment was proper.

The judgment of the district court is affirmed. Costs to respondent. No attorney fees on appeal.